S. B. Burnett et al. v. Nick Oechsner.

No. 771. Decided April 17, 1899.

1. **Master's Liability for Acts of Servant.**

The master is liable for an act of the servant within the scope of the latter's general authority, done in the furtherance of the master's business and for the accomplishment of the object for which the servant is employed, though the particular act was not authorized and was unlawful. (Pp. 590, 591.)

2. **Same.**

Defendant's agent in charge of his farm, having difficulty in keeping plaintiff's hogs out of his inclosure, for the purpose of doing so, but without authority from defendant, penned the hogs and hauled them into the Indian Territory, where he unloaded them at a hog ranch of defendant. Held, that such act was within the scope of the agent's authority to keep the hogs out of the field, and, being done in furtherance of the employer's business, the latter was liable. (Pp. 589-591.)

QUESTION CERTIFIED from the Court of Civil Appeals for the Second District, in an appeal from Wichita County.

*Flood, Hughes & Foster,* for appellant.—There was no express authority from S. B. Burnett to do the act complained of. There can be no implied authority to do an unlawful act. Ingram v. Linn, 4 Texas, 268; Gilleland v. Drake, 36 Texas, 677; Dillingham v. Russell, 73 Texas, 51; Echols v. Dodd, 20 Texas, 191; Railway v. Cooper, 32 S. W. Rep., 517; Railway v. Yarbrough, 39 S. W. Rep., 1096.

Even if the act was authorized, that is, supposing the act to be the keeping of the hogs out of Burnett's farm, which the agent Williams was authorized to do, still the mode adopted, to wit, the act of hauling

them out of the State, is not incident to the act he was authorized to do, and is not such a mode as could have been reasonably in the contemplation of the employe, and therefore the master is not liable. Railway v. Mother, 24 S. W. Rep., 80.

*S. H. Hodges* and *L. H. Mathis,* for appellee.

GAINES, Chief Justice.—In this case a question is certified for our determination which is thus stated by the Court of Civil Appeals for the Second Supreme Judicial District:

"This suit was brought by the appellee against appellant Burnett to recover damages in the sum of $129 for the alleged conversion of twenty-six hogs belonging to appellee, the suit originating in the Justice Court and being tried on appeal in the County Court, resulting in a judgment there for $125, from which this appeal is prosecuted. Upon conclusions noted, the judgment was affirmed in this court January 7, 1899, Hunter, J., dissenting, and the case is now pending before us on motion for rehearing.

"At the suggestion of appellant, in view of the dissent, we deem it proper to certify to your honors for decision, as provided in article 1043, the controlling question in the case, which is, whether, upon the facts below stated, appellant was liable for the acts of one Williams in penning and hauling the hogs from appellant's ranch in Wichita County, Texas, across Red River into the Indian Territory, a distance of about twenty-five miles, and unloading them there at appellant's hog ranch?

"Williams was in charge of appellant's farm in Wichita County, and was appellant's boss on the farm, but not on the hog ranch, and he had no express authority from appellant to haul the hogs from the farm to the ranch. The hogs, however, had frequently entered the farm inclosures, destroying and wasting more or less corn belonging to appellant, and had been several times penned at the instance of Williams, to prevent damage to the crops, who as often notified appellee of such facts, requesting him to take the hogs away, but though he did take them away, he did not keep them up as was the custom of the neighborhood, but permitted them to run at large. Upon being informed by Williams that the hogs were eating up the corn, appellant instructed Williams to keep them out, but did not "give him any special instructions further than to keep them out." He did not tell him to keep them out if he had to kill them, but did tell him that if appellee did not keep his hogs out and if he (appellant) had to run after them like Williams had to do, he (appellant) would kill them. The inference from the facts proven was irresistible that Williams, in removing the hogs from the farm to the hog ranch, was doing it as a means of keeping them out of the farm inclosures, the means previously tried proving unavailing, and that he was not acting in his own interest, except possibly to rid himself of the annoyance, but solely for the benefit of appellant.

"The question certified is whether, upon this state of case, Williams

was acting within the scope of his authority and in furtherance of appellant's business; the errors assigned to the rulings on the trial being probably well taken unless he was so acting within the scope of his authority, but otherwise not well taken. Mech. on Agency, sec. 740; Railway v. Cooper, 88 Texas, 607, and cases there reviewed.

"The dissenting view of Justice Hunter upon this question is thus stated by him: 'I am also of opinion that the special charges asked by appellant, numbers 3 and 8, should have been given, and therefore I think the fifth and sixth assignments should be sustained, and that a new trial should have been granted because the verdict of the jury was not sustained by the evidence. I base this last conclusion upon the ground that when Williams, Burnett's farm boss, loaded up the appellee's hogs and carried them out of the State into the Indian Territory, he committed a trespass by concerting them to his own use, and that Burnett's orders to him to keep the hogs out of the field did not authorize him to do that unlawful and tortious act. It may be that his language would have authorized Williams to kill the hogs, and I believe that if Williams had killed them Burnett would have been liable, because he had, in effect, I think, expressly authorized him to do so. But a man can not be convicted or held liable for one offense or tort committed by his servant which he did not advise or authorize, simply because he had authorized or advised him to commit some other one which was not committed. It is clear to me that the judgment in this case ought to be reversed, on the ground mainly that the agent in carrying the hogs out of the State acted beyond the scope of his authority and did an unlawful and tortious act, the authority for which could not be implied from the orders given by Burnett.' "

It being a matter of common knowledge that corn can not be raised in a field to which hogs have access, we are of the opinion that the manager of the farm had implied authority to prevent their encroachment upon the crop. It was his duty to keep the hogs out of the field, provided it was practicable to do so with reasonable labor and expense and by lawful means. Railway v. Anderson, 82 Texas, 516. It follows, as we think, that the act of Williams was within the scope of his employment, unless it be the law that the servant is to be deemed to act in excess of his authority whenever he resorts to an illegal act to further the business intrusted to him by his master. But such is not the law. Railway v. Cooper, 88 Texas, 607. In the case cited, the court quote with approval the following propositions laid down in the case of the same appellant against Anderson, cited above: "To hold the master liable for the act of his servant, it is not necessary that the servant should have the authority to do the particular act. The act of the servant may be contrary to his express orders, and yet the master may be liable. But the act must be done within the scope of the general authority of the servant. It must be done in furtherance of the master's business, and for the accomplishment of the object for which the servant is employed. For the mode in which the servant performs the

duty he is engaged to perform, if wrongful and to the injury of another, the master is liable, although he may have expressly forbidden the particular act."

As we deduce from the statement accompanying the question, the Court of Civil Appeals find in effect as facts that Williams removed the hogs for the purpose of keeping them out of the field, and that in doing so he was acting solely in the interest of his employer. Such being the facts, we are of opinion that in legal contemplation he acted within the scope of his authority and in furtherance of appellant's business. Our opinion will be so certified.