KANSAS CITY, M. & O. RY. CO. OF TEXAS
v. WALSH.

(Court of Civil Appeals of Texas. Ft. Worth.
April 20, 1912. Rehearing Denied
June 1, 1912.)

FALSE IMPRISONMENT (§ 15*)—CARRIERS—DETENTION OF TRESPASSER—SCOPE OF AUTHORITY.

Plaintiff's son, a boy 10 years of age, entered defendant's passenger train without any money or ticket, and the conductor ordered the brakeman to lock him in the water-closet, where he was held until the train passed the station at which the boy lived, when he was taken out of the closet and put off, without any harsh words or physical injury. The conductor intentionally carried him past the station to break up a habit which boys had had of stealing rides between the boy's home station and another station. Held, that the conductor's act was a continuous act, in doing which the conductor acted in the furtherance of the railroad company's business and within the scope of his authority, so as to make the company liable.

[Ed. Note.—For other cases, see False Imprisonment, Cent. Dig. §§ 5–67; Dec. Dig. § 15.*]

Appeal from District Court, Haskell County; Jno. B. Thomas, Judge.

Action by Joe Walsh, by his next friend, against the Kansas City, Mexico & Orient Railway Company of Texas. From a judgment for plaintiff, defendant appeals. Affirmed.

H. G. McConnell and Gordon B. McGuire, both of Haskell, for appellant. Scott & Key, of Haskell, for appellee.

CONNER, C. J. This suit was instituted for appellee, by his father, H. M. Walsh, as next friend, against the appellant railway company, for damages in the sum of $5,000 on account of fright, mental anguish, humiliation, and shame arising from his wrongful confinement in a water-closet on one of appellant's trains. In a trial before the court without a jury he was awarded a judgment in the sum of $250, from which this appeal has been prosecuted.

The trial court filed findings of fact and conclusions of law, which are as follows:

"The court finds as a fact: That the defendant is a common carrier, engaged in the business of carrying passengers for hire, and has a line of railway extending south from Knox City, in Knox county, Tex., to and through O'Brien, in Haskell county, Tex., and southward to Rochester, in Haskell county, Tex.; that the minor plaintiff, Joe Walsh, boarded the passenger train of the defendant in Knox City on December 24, 1910, in company with other boys; that after the train had left Knox City the con-ductor approached the plaintiff, Joe Walsh, a boy 10 years of age, and asked him for his ticket; that the boy had neither ticket nor money; that the conductor thereupon ordered the brakeman to lock the boy in the water-closet on said train, which was done; that the boy had told the conductor that he lived at O'Brien, the next station on the defendant's line of railway, and about 2½ miles south of Knox City; that the boy was kept locked in the said water-closet until a short time after the train had passed the town of O'Brien; that the boy was purposely carried beyond the conductor beyond the station of O'Brien, at which time the boy was taken from the closet, and was put off at Rochester, the next station, from which he walked to his home at O'Brien, a distance of about 5 miles; that the boy was ordered by the conductor to be locked in the water-closet because he had no ticket or money to pay his fare; that the boy cried and suffered agitation and considerable fright, especially after the train had left O'Brien; that at the time the boy was put off the train at Rochester no harsh language was used, and nothing was done by the employés of the defendant to physically injure the boy; that other boys prior to this time had been trespassing on defendant's trains, by stealing rides between Knox City and O'Brien, thus greatly annoying the conductors; that the conductor, at the time the boy was locked up, made the remark, 'I will break him from sucking eggs;' that this boy had not been on defendant's train prior to this time.

"The court concludes as a matter of law: (1) That Joe Walsh, the minor plaintiff, was a trespasser on the defendant's train. (2) That the conductor had the authority, and it was his duty, to put the boy off the train in a proper manner. (3) That in the exercise of his authority that it was his duty to exercise ordinary care not to injure the boy. (4) That the acts of the conductor in locking up the boy and carrying him beyond his home at O'Brien, and in putting him off the train at Rochester, a point about 5 miles distant from O'Brien, was related to and in furtherance of the defendant railway company's business, and was one continuous act leading up to the ejection of the minor defendant from the train at Rochester, and was in law the act of the defendant. (5) That plaintiff should recover judgment for $250 damages occasioned by the acts of defendant, and judgment for said amount was accordingly entered against the defendant in favor of plaintiff. (6) That the acts of the conductor in causing the boy to be locked up in the water-closet, carried beyond his home, and put off at Rochester were wrongful and unnecessary force, and occasioned damage to the boy to the extent of $250."

The vital question presented by assignments of error to the action of the court in

overruling demurrers, in attacks upon the court's conclusions of law and otherwise, is whether appellant is liable for the acts and conduct of the conductor as shown by the court's findings. The contention of appellant is that in so doing the conductor was acting without the scope of his authority, and that, hence, appellant is not bound. Among others, the cases of I. & G. N. Ry. Co. v. Anderson, 82 Tex. 516, 17 S. W. 1039, 27 Am. St. Rep. 902; Railway Co. v. Mayfield, 35 Tex. Civ. App. 82, 79 S. W. 365, are cited in support of this contention. In the case last cited, Mayfield was a trespasser upon a freight train of the railway company, and was injured in alighting therefrom, and suit was based upon the negligence of the train employés in removing him to another place and there abandoning him under circumstances from which he suffered for want of proper surgical attention, and it was held, in effect, that the acts of the employés detailed in the opinion were neither within the actual nor apparent scope of their authority, and that therefore, the railway company was not bound. In the Anderson Case the judgment was reversed, on the ground that the court's charge placed the burden of proof upon the railway company to show that the act of a brakeman in knocking the complaining party off of a moving train was not within the scope of his employment, this being controverted in the evidence. The decision, however, recognizes the well-established rule on the subject. It is there said: "To hold the master liable for the act of his servant, it is not necessary that the servant should have authority to do the particular act. The act of the servant may be contrary to his express orders, and yet the master may be liable. But the act must be done within the scope of the general authority of the servant, and must be done in furtherance of the master's business, and for the accomplishment of the object for which the servant is employed." In the same connection the court cites authorities to the effect that the authority of a brakeman to eject trespassers from the cars would not be implied, though it was otherwise in the case of a conductor. The remarks of the court last referred to would seem to be particularly pertinent here. In the court's findings the confinement of the minor was by the direction and authority of the conductor, and not the independent unauthorized act of the brakeman. We think it must be implied, from the general authority of the conductor to control his train and persons thereon, that he has authority in a lawful way to eject a trespasser, and if in performing this duty injury to the trespasser results, the master cannot escape liability on the ground merely that the method pursued by the conductor was unusual and wrongful. We think, with the trial court, that the act of the conductor in confining the boy in the water-closet, and in keeping him there until the final ejection, must be held to be a continuous act, and that in so doing the conductor was acting in furtherance of his master's business, and that appellant is liable. See Burnett v. Oechsner, 92 Tex. 588, 50 S. W. 562, 71 Am. St. Rep. 880; Railway Co. v. Parsons, 109 S. W. 240.

The court's findings of fact and of law are accordingly adopted, and the judgment is affirmed.