ST. LOUIS SOUTHWESTERN RY. CO. OF
TEXAS v. PRESTON. (No. 1757.)

(Court of Civil Appeals of Texas. Texarkana.
March 22, 1917. On Appellant's Motion for
Rehearing, April 5, 1917.)

1. CARRIERS ☞283(2)—PASSENGERS—NEGLI-
GENCE OF SERVANT—SCOPE OF EMPLOYMENT.

If it was a railroad porter's duty to open
doors of a car vestibule at a station, it was
not outside the scope of his employment as to
a passenger to open the door on a particular
side, notwithstanding that in opening it he may
have violated the railroad's instructions and
rules.

[Ed. Note.—For other cases, see Carriers,
Cent. Dig. §§ 1121, 1122.]

2. CARRIERS ☞303(1) — PASSENGERS — IN-
JURIES—LIABILITY OF ROAD.

Where a railroad porter undertook to open
a car vestibule door for plaintiff and to aid
him in alighting from the train with a box of
whisky, but in performing such duty the porter
negligently caused the box to fall down the
steps and against plaintiff, thereby knocking
him from the steps, and his act in causing the
box to fall down the steps was the proximate
cause of injury to plaintiff, the road was liable
to plaintiff for the damages he sustained by fall-
ing from the car.

[Ed. Note.—For other cases, see Carriers,
Cent. Dig. § 1224.]

3. TRIAL ☞352(5)—SPECIAL ISSUES.

In an action for injuries to a railroad pas-
senger when alighting, questions eliciting the
jury's findings held not confusing and mislead-
ing or on the weight of the evidence in assum-
ing the existence of controverted facts.

[Ed. Note.—For other cases, see Trial, Cent.
Dig. § 841.]

4. CARRIERS ☞318(9) — PASSENGERS — IN-
JURIES—SUFFICIENCY OF EVIDENCE.

In an action for injuries to a railroad pas-
senger when he was knocked off the steps of a
car by the porter's pushing a box against him,
evidence held sufficient to authorize findings es-
tablishing the railroad's liability.

[Ed. Note.—For other cases, see Carriers,
Cent. Dig. § 1314.]

5. APPEAL AND ERROR ☞1002—REVIEW—
FINDINGS—CONFLICTING EVIDENCE.

It was the jury's duty to determine a con-
flict of the testimony, and their findings should
not be set aside by the Court of Civil Appeals.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. §§ 3935-3937.]

On Appellant's Motion for Rehearing.

6. CARRIERS ☞283(2)—CARRIAGE OF PASSEN-
GERS—DUTY OF RAILROAD SERVANT.

That a railroad passenger induced its porter
to violate the road's instructions in regard to
opening car vestibule doors did not relieve the
porter of his duty as such to use care to avoid
injuring the passenger, as by pushing down
the steps against the passenger a box of whisky
carried by the latter.

[Ed. Note.—For other cases, see Carriers,
Cent. Dig. §§ 1121, 1122.]

Appeal from District Court, Franklin Coun-
ty; A. B. Ward, Judge.

Action by W. E. Preston against the St.
Louis Southwestern Railway Company of
Texas. From a judgment for plaintiff, de-
fendant appeals. Affirmed.

Appellee was a passenger from Dallas to
Winfield on appellant's train due at the latter
place at about 4 o'clock on the morning of
May 21, 1914. He was in the coach next to
the baggage car from the locomotive. The
front end of the coach was equipped with a
vestibule, and was divided into compart-
ments, the front one being for negro passen-
gers, and the other being a "smoker" for
white passengers. Appellee was in the
"smoker." His home was in or near Win-
field. Appellant's depot at Winfield was sit-
uated on the north side of its track, and pas-
sengers from and to that station, in compli-
ance with appellant's rules and regulations,
usually got on and off its trains on that side.
While in Dallas, where he had gone the day
before, appellee purchased for himself and
other persons 16 quarts of whisky in bottles,
which, packed in a paper box weighing, with
its contents, 40 or 50 pounds, he was carrying
back to Winfield. When "Winfield" was
called by the porter on the train as it ap-
proached that place, appellee, carrying the
box of whisky in his hands, went from the
"smoker," through the compartment for ne-
groes, to the vestibule of the coach, prepara-
tory to alighting from the train when it stop-
ped at the depot. Appellee testified that as
he passed through the compartment for ne-
groes on his way to the vestibule he turned
the box of whisky over to appellant's train
porter, a negro, who carried it to vestibule,
and who, appellee said, after opening the
door to the south side of the coach—the
side opposite to and farthest from the depot
—placed it on the top one of the steps to
that side of the coach. On reaching the ves-
tibule appellee took a position on the bottom
one of said steps, preparatory to alighting
from the train on the south side thereof when
it stopped. While occupying that position,
according to his testimony, and while the
train was still moving, the porter pushed or
shoved the box down the steps against ap-
pellee, causing him to fall from and under
the coach, the wheels of which ran over his
right leg, so injuring it as to necessitate the
amputation thereof. He brought this suit
against appellant, and recovered judgment
against it for $5,000, on the theory that the
porter was guilty of negligence in pushing or
shoving the box as stated, rendering appel-
lant liable to him for damages he suffered be-
cause of the injury. Appellant's answer to
appellee's petition consisted of a general de-
nial and special pleas setting up (1) con-
tributory negligence on the part of appellee,
and (2) that its porter in acting as appellee
charged he did on assisting him to alight
from the south side of the coach, instead of
the side thereof next to the depot, acted out-
side the scope of his duty as its employé and
collusively with appellee for his accommo-
dation. The case was submitted to the jury
on special issues, which, with the findings
thereon, were as follows:

"Question No. 1. State whether or not you
find from the evidence in this case that the de-

fendant's train porter, as charged by plaintiff, undertook to open the vestibule door for plaintiff and to aid the plaintiff in alighting and taking his box of liquor from defendant's train at Winfield, Texas. Answer: Yes.

"Question No. 2. State whether or not you find from the evidence in this case that defendant's train porter negligently pushed or shoved or caused plaintiff's box of liquor to fall from the steps in the vestibule of defendant's train, down the steps thereof, onto or against the plaintiff, thereby knocking him from the said steps, as alleged by plaintiff, as negligence is defined to you in this charge. Answer: Yes.

"Question No. 3. If you find from the evidence that defendant's train porter did negligently push, shove, or cause plaintiff's box to fall from the steps in the vestibule of defendant's train, down the steps thereof, onto or against plaintiff, then state whether or not the said act of defendant's train porter, if any, was the proximate cause as defined to you herein. Answer: Yes.

"Question No. 4. State whether or not you find from the evidence in this case that the plaintiff, while a passenger on defendant's train, took his box of intoxicating liquor to the vestibule of defendant's train at the front end of the coach prepared for colored people, with the intention to alight from said train on the opposite side from the depot, for the purpose of avoiding detection and arrest by the officers. Answer: No.

"Question No. 5. State whether or not you find from the evidence in this case that the plaintiff, without the aid of defendant's employés, or either of them, opened the vestibule door of defendant's train on the opposite side from its station at Winfield, and negligently undertook to alight with his box of liquor from defendant's moving train. Answer: No.

"Question No. 6. If you find from the evidence that plaintiff took his box of liquor to the vestibule of defendant's train, and opened the door and undertook to negligently alight with his box of liquor from defendant's train without the aid of defendant's servants or either of them, then state whether or not you find that the said act of the plaintiff was the proximate cause of his injury. Answer: No.

"Question No. 7. State the amount, if any, of damages the plaintiff has sustained and suffered by reason of his injuries. Answer: $5,000."

The court, having overruled appellant's motion to set aside the findings of the jury, and its motion to render judgment in its favor notwithstanding said findings, on motion of appellee rendered judgment in his favor on said findings.

Glass, Estes, King & Burford, of Texarkana, E. B. Perkins, of Dallas, J. M. Burford and Butler Rolston, both of Mt. Pleasant, and L. W. Davidson, of Mt. Vernon, for appellant. Evans & Shields, of Greenville, and R. T. Wilkinson, of Mt. Vernon, for appellee.

WILLSON, C. J. (after stating the facts as above). As we view the record, the only issues made by both the pleadings and the evidence were one as to negligence vel non on the part of the train porter, and, if he was negligent, one as to the amount appellee was entitled to recover as damages for the injury he suffered. It conclusively appeared that the injury appellee sustained was due to his falling from the train. There was no evidence tending to show that, if he fell because the porter negligently shoved the box against him, negligence of his own co-operated and concurred with that of the porter in causing him to fall. Therefore the issue as to contributory negligence on the part of appellee, made by the pleadings was not made by the testimony. Nor do we think the testimony made an issue as to whether the porter, if he, at appellee's request, in violation of appellant's rules, opened the door to the south side of the vestibule to enable appellee to alight from the train on that side, acted outside the scope of his duty as appellant's employé or not.

[1] If it was the porter's duty to open doors of the vestibule at the station, it was not outside the scope of his employment to open the one in question, notwithstanding, in opening it, he may have violated appellant's instructions and rules. Burnett v. Oechsner, 92 Tex. 588, 50 S. W. 562, 71 Am. St. Rep. 880; Ry. Co. v. Anderson, 82 Tex. 516, 17 S. W. 1039, 27 Am. St. Rep. 902. The testimony of appellant's assistant superintendent, Hutchings, on its behalf, that it was the porter's duty to open vestibule doors at stations and assist passengers was uncontroverted.

The validity of the judgment depends, we think, upon the answers which should be made to questions, to wit: (1) Did the findings made by the jury authorize it? (2) Were the findings supported by testimony? If both questions should be answered in the affirmative, the judgment should be affirmed. If either should be answered in the negative, it should be reversed.

The jury found, as is shown in the statement above, (1) that the porter undertook to open the door for appellee and to aid him in alighting from the train with his box of whisky; (2) that in performing his undertaking the porter "negligently" caused the box to fall down the steps and against appellee, "thereby knocking him" from said steps; and (3) that his act in causing the box to fall down the steps was the proximate cause of the injury to appellee.

[2] Unquestionably, we think, the findings specified established liability on the part of appellant to appellee, and authorized judgment against it for the damages he sustained as a result of his falling from the car.

[3] The objections to the findings based on the questions they were answers to are, we think, not tenable. Neither of the questions was "confusing and misleading" or "on the weight of the evidence in assuming the existence of controverted facts."

That each of the findings specified was supported by testimony is shown by the record. Appellee, as a witness on his own behalf, testified, in effect, repeating much that is said in the statement above, as follows: At his request the porter agreed to assist him in getting off the train on the south side thereof when it reached Winfield. After calling that place, and before the train reached the station, the porter took appellee's box of whisky, and, accompanied by appellee, went

to the vestibule of the coach. When they reached the vestibule the porter opened the door to the south side thereof, and placed the box on the floor, "right close up to the top" of the steps thereto on that side. Appellee took a position on the step above it, holding with one hand to the handrail of the coach, and resting his other hand on the box. While he was standing in that position, and while the train was still moving, the porter told him it was "time to get off," and with his foot shoved the box down the steps. The box, falling against appellee's legs, caused him to fall from the train. "I saw the porter push that box," appellee testified; "he just taken his foot this way and pushed it. He pushed it with such force until it knocked me off." Appellee's testimony was corroborated by that of the witness Spruill, whom the jury had a right to believe.

[4] It is clear, we think, that the testimony referred to authorized the findings establishing appellant's liability to appellee. The fact that that testimony was contradicted in toto by the testimony of other witnesses is not a reason for reversing the judgment. As the accident could have happened as appellee said it did, we have no right, in face of the finding of the jury that it did happen that way, to say it did not.

[5] It was the duty of the jury to determine the conflict in the testimony, and, they having determined it, their findings should not be set aside by us.

Other assignments in the briefs not in effect disposed of by what has been said are believed to be without merit, and are overruled.

The judgment is affirmed.

### On Appellant's Motion for Rehearing.

Notwithstanding it appeared from the uncontradicted testimony of its assistant superintendent and others who testified on its behalf that it was the porter's duty to open vestibule doors at stations and assist passengers in alighting from appellant's trains, appellant insists that we erred in holding that it appeared as a matter of law that the porter acted within the scope of his duty as such if he opened the door to the south side of the vestibule to enable appellee to alight from the train on that side.

The insistence is not based on a claim that there was any testimony showing it was not the porter's duty to do that, but on testimony showing that the porter's instructions were to open only doors to the sides of the vestibules next to stations, and to assist negro passengers in alighting from the train through those doors; and on testimony which appellant thinks shows that if the porter opened the door on the south side as claimed by appellee, and so violated his instructions, he acted in collusion with appellee, and should be held to have acted as appellee's agent and not in his capacity as porter.

It is, we think, plain enough, without discussion or a citation of authorities, that if the duty appellant devolved on the porter was to open vestibule doors at stations, it should not be heard to say, as against a passenger, that he acted outside the scope of his authority as porter when he opened a particular one of such doors, notwithstanding in doing so he may have violated its instructions.

The testimony relied upon as supporting the contention made, that if the porter opened the door as claimed he acted in collusion with appellee, was that of appellee as follows: "I told him (the porter) I wanted to get off on the opposite side and wanted him to assist me in getting off, and he said he would."

Appellee further testified that at the time he made the request of the porter he thought a compliance with it would be against appellant's rules, and for that reason did not make it until after another porter and the conductor, who were in the coach as it approached Winfield, had left it.

We do not think the testimony referred to made an issue as to whether appellant was responsible for the conduct of the porter or not. Appellee was a passenger.

[6] That he may have induced the porter to violate appellant's instructions in regard to opening vestibule doors did not relieve the porter of his duty as such to use care to avoid injuring him. Appellee was not injured because of the violation by the porter at his instance of appellant's rules. He was injured because of the negligent act of the porter in pushing the box against him; in other words, because of the failure of the porter to discharge the duty he owed to exercise care for appellee's safety while a passenger on the train. We do not think the principle applied in Grahn v. Ry. Co., 100 Tex. 27, 99 S. W. 104, 5 L. R. A. (N. S.) 1025, 123 Am. St. Rep. 767, cited by appellant as supporting its contention, is applicable to the facts here. Grahn was not a passenger on the freight train. He was on it without authority from any one authorized to accept him as a passenger, in violation of the company's rules, and in collusion with the conductor. He was a trespasser on the train, and the company owed him no duty it did not owe a trespasser.

The motion is overruled.