## NATIONS v. KOCH. (No. 1662.)

(Court of Civil Appeals of Texas. El Paso. Nov. 6, 1924. Rehearing Denied Nov. 26, 1924.)

**1. Partnership ⬤⟳153(1)—Copartner held not liable for negligence of firm's servant, committed while acting for individual purposes of other copartner.**

Copartner *held* not liable for negligence of firm's servant, committed while servant was acting for individual purposes of other copartner, under latter's directions.

**2. Master and servant ⬤⟳302(2)—Servant's failure to perform duty does not relieve master.**

Servant's failure to perform duty in exact manner contemplated by master does not relieve latter from liability for servant's negligence.

Appeal from District Court, El Paso County; P. R. Price, Judge.

Action by Myrtle Ford Koch against J. H. Nations and another, as copartners. Judgment for plaintiff, and defendant named appeals. Reversed and rendered.

W. H. Fryer and Waters Davis, both of El Paso, for appellant.

Nealon, Hudspeth & McGill, of El Paso, for appellee.

HARPER, C. J. Appellee brought this suit against J. H. Nations and T. W. Ardoin, as a partnership engaged in selling meat at retail, for damages for personal injuries.

For cause of action she alleged that one of defendant's employees, while engaged in defendant's business, negligently rode a motorcycle against plaintiff, seriously and painfully injuring her; that the motorcycle was not equipped with adequate brakes; and that the servant undertook to pass to the right of the machine from which the plaintiff had alighted, etc., in violation of law.

Defendants pleaded general denial; that Vito Scicchitano, who was operating the motorcycle, was not at the time engaged in the performance of any duty as their servant, or not within the scope of his employment, and alleged contributory negligence upon the part of plaintiff.

Submitted to a jury upon general charge, resulting in verdict and judgment for plaintiff in the sum of $1,750, from which Nations alone appealed.

The first proposition:

"If, without Nations' knowledge or consent, Ardoin orders Vito to take Nations' motorcycle

over to Ardoin's private market, to be used in Ardoin's private business, Nations would not be liable, though at the time Ardoin was his partner in another enterprise, and though Vito was an employee of Nations."

This proposition is urged under the assignment that it was error for the court to refuse to give peremptory instruction to find for the defendant. The undisputed evidence discloses the following facts: At the time of the accident Nations and Ardoin were partners, and as such were conducting a retail meat market, in what is known as the City Market in El Paso and Ardoin owned in his own right and conducted a meat market at 218 East San Antonio street, a different location in the same city.

The motorcycle was the personal property of J. H. Nations, and it is not disputed that he had refused to allow it to be used by Vito for any purpose. Upon the day of the accident the machine was either in the repair shop or a garage; a conflict of testimony as to this. Nations and Ardoin both testify that they did not know that Vito had the machine out of the garage. Vito was working for both the firm of Nations & Ardoin, and for Ardoin in his individual market when called to do so, and did most of his work for this market. Vito testified:

"On the day of the accident I was working for Nations & Ardoin. Ardoin told he to go get the machine about 9 or 10 o'clock. I got it about 3 o'clock in the afternoon and took it to Nations & Ardoin's market. It was all out of order, the brakes and everything. Mr. Ardoin said he was going to use it in his deliveries, but Mr. Nations did not tell me what it was to be used for. It was never used in the business of Nations & Ardoin. I asked Mr. Ardoin what he was going to do with the motorcycle. He says, 'You go take it to San Antonio street market (Ardoin's market).' I says 'It's too dark; it ain't got no lights.' He says, 'You go take it.' All right; I take it. He said there was no room for it at the City Market."

The evidence is sufficient to support the findings of the jury that there was negligence as charged, and that the accident and injury occurred as a proximate result of such negligence. So the question for our determination is: Is there any evidence to prove that Vito was, at the time of the accident, engaged in any work for the copartnership of Nations and Ardoin?

[1] The only thing to indicate that Vito was acting for the copartnership of Nations and Ardoin, in taking this machine from their market to the personal market of Ardoin, is the isolated fact that he was at the time employed by the firm; and all the other testimony is to the effect that he was acting under the orders of Ardoin for his purposes, and not for the firm. This is insufficient to charge the copartnership or Nations with the consequences of his negligence.

[2] The other propositions are to the effect that Ardoin's direction to Vito to "take" the motorcycle to his market did not authorize him to ride it. Therefore it was error for the court to refuse a charge for defendants to that effect. This was not error, for it would not relieve defendants of liability, because the servant did not perform the duty in the exact manner contemplated by the master. Burnett et al. v. Oechsner, 92 Tex. 588, 50 S. W. 562, 71 Am. St. Rep. 880.

Because there is no evidence to establish that the servant was acting for the copartnership of Nations and Ardoin, or for Nations, and it appearing that the facts are fully developed, the cause is reversed, and here rendered for appellant.