SID KATZ, INCORPORATED, V. WALSH & BURNEY ET AL.

No. 8149. Decided January 5, 1944.
Rehearing overruled February 9, 1944.
(177 S. W., 2d Series, 49.)

*Johnson & Rogers* and *Nat. L. Hardy,* all of San Antonio, for petitioner.

It was error for the Court of Civil Appeals to hold that when the employee of the telegraph company tampered with the valve in the sprinkler system he left the scope of his employment and was engaged in a purely personal matter of which his employer cannot be held responsible. J. C. Penney, Inc., v. Oberpriller, 141 Texas 128, 170 S. W. (2d) 607; International & G. N. R. R. Co. v Anderson, 82 Texas 516, 17 S. W. 1039; Baker Hotel Co. v. Rogers, 157 S. W. (2d) 940.

*Francis R. Stark,* of New York City, *Henry B. Dieldman* and *Goeth, Webb & Goeth,* all of San Antonio, for American District Telegraph Co., *Arnold & Cozby,* of San Antonio, for Walsh

& Burney, *Denman, Franklin & Denman,* of San Antonio, for Joske Bros., *Eskridge & Groce,* of San Antonio, for Jud Plumbing and Heating Co., all respondents.

The employee, who is charged with having caused the damage complained of, had been previously instructed and knew that his employer had removed its devices from the valve which he was undertaking to close, and that his employer no longer had any control over it, turned aside from the business of his employer and was engaged in purely a personal undertaking when he attempted to operate the valve in question. Home Tel. Co. v. Branton, 7 S. W. (2d) 627; Acme Laundry v. Weinstein, 182 S. W. 408; Texas Power & Light Co. v. Denson, 125 Texas 383, 81 S. W. (2d) 36.

MR. JUSTICE SHARP delivered the opinion of the Court.

The Aetna Casualty & Surety Company, in the name of Sid Katz, Inc., sued the American District Telegraph Company and Walsh & Burney for negligence in allowing water to escape from a sprinkler system and damage a stock of goods belonging to Sid Katz, Inc. Walsh & Burney, after denying liability, sought to recover over against the American District Telegraph Company, and the American District Telegraph Company sought a recovery over against Walsh & Burney, Joske Bros. Company, and Jud Plumbing & Heating, Inc. In a trial without a jury, plaintiff recovered a judgment against the American District Telegraph Company, but was denied a recovery against Walsh & Burney, and the American District Telegraph Company was denied a recovery over against any of the parties. Upon appeal, the judgment was reversed and rendered by the Court of Civil Appeals at San Antonio, in so far as it granted a recovery against the American District Telegraph Company, but in all other respects was affirmed, upon the ground that its employee H. C. Staats was not acting in the scope of his employment in performing the act complained of. 171 S. W. (2d) 502.

Joske Bros. Company will be hereinafter referred to as Joske, and the American District Telegraph Company as Telegraph Company.

The main facts are as follows: Joske's store in San Antonio occupied two buildings, the more northerly of which was known as the Conroy Building. For protection against fire both buildings were equipped with an automatic sprinkler system, with attached electrical warning devices, which was operated by the Telegraph Company under a contract with Joske. Walsh &

Burney entered into a contract with Joske to demolish the Conroy Building and to erect a new building in its place. As a part of the transaction the old structure and the fixtures were sold to Walsh & Burney for salvage. In an attempt to exclude the public from the premises, Walsh & Burney constructed a temporary wall between the main Joske building and the Conroy Building, and another wall which enclosed the remaining three sides of the Conroy Building.

In the course of disconnecting that part of the sprinkler system in the Conroy Building from the remainder of the system, Joske's general maintenance man forced a defect in a cut-off valve, causing a slow leak through the valve. The water which leaked through the valve was carried off by a drain pipe, and caused no damage. There were five main pipes, or risers, serving the sprinkler system in the main building, and riser No. 6 and the defective valve were in the basement of the Conroy Building. Walsh & Burney had knowledge of the defective condition of the valve through its employee, who was with Joske's man at the time that the valve was broken.

In the early morning of January 22, 1939, an alarm was received in the office of the Telegraph Company which indicated that there was trouble on either riser No. 4 or riser No. 5 of the Joske system. H. C. Staats, an employee of the Telegraph Company, whose duty was to answer such alarms and to reset the alarm mechanism, was dispatched to Joske's store to ascertain the trouble. He found nothing wrong with any of the risers in the main building, and upon hearing a whispering sound as of water escaping in the Conroy Building, he and Joske's watchman obtained entrance into the Conroy Building by means of a freight elevator. The Telegraph Company had an instrument board fastened to the wall in the basement of the Conroy Building a few feet from the valve riser No. 6, but the device had been disconnected from riser No. 6. The Telegraph Company had posted a notice on its bulletin board to the effect that the instrument board had been disconnected from riser No. 6, and that the Telegraph Company had no further jurisdiction over the Conroy Building. Staats testified that he had read the notice. When Staats entered the basement of the Conroy Building, he noticed that water was leaking through the cut-off valve. Not knowing of the defective condition of the valve, Staats attempted to close it, and in doing so he released the full flow of the water from riser No. 6. The water flowed into a basement where Sid Katz, Inc. had its stock of merchandise, and damaged it to the extent of $2,688.00. Sid Katz, Inc., was indemnified for its loss by its insurer, who brought this suit, in the name of Sid Katz, Inc., to recover for the loss.

The trial court filed extensive findings of fact, which were approved by the Court of Civil Appeals. A detailed statement of the trial court's findings is made in the opinion of the Court of Civil Appeals, and reference is made to such statement without repeating all of the trial court's findings here. However, we quote the following finding of the trial court:

"13. That the American District Telegraph Company and its employee, Staats, were negligent in interfering with and in attempting to regulate the O S & Y valve on riser No. 6 in the basement of the Conroy Building on the date in question after it had been entirely disconnected from the alarm system maintained and operated by the said American District Telegraph Company of Texas and had been sold to and delivered into the sole possession and control of the Walsh & Burney Company; that in entering the basement of the Conroy Building and in doing all of the things which he did there, the said Staats was acting within the scope of his employment and that his employer was liable for all of his negligence and that such negligence was the proximate cause of plaintiff's damage."

The effect of the findings was to require a judgment for plaintiff against the Telegraph Company, and that plaintiff take nothing against the other defendants. The gist of the findings was that Staats was negligent in tampering with the valve; that his negligence was a proximate cause of the injury; that he was acting within the course of his employment in attempting to close the valve; and that the other defendants and the plaintiff were not negligent. Although it was found that Walsh & Burney knew that the valve was not in good condition, it was absolved of negligence because it could not have reasonably anticipated that the valve would be opened and release the flow of water. In this connection, it was also found that for a period of about two weeks prior to the accident, while the sprinkler system was being demolished above the valve, numerous heavy jolts and vibrations on riser No. 6 failed to release the valve. The Court of Civil Appeals based its reversal of the judgment of the trial court solely upon its decision that the trial court was in error in finding that Staats was within the course of his employment when he tampered with the valve. No complaint is made in this Court of Joske or the Jud Plumbing & Heating Company, Inc.

■ We think that the Court of Civil Appeals erred in holding, as a matter of law, that Staats left the course of his employment when he attempted to close the valve. It cannot be disputed that Staats was within the course of his employment in entering

the Conroy Building to examine the instrument belonging to his employer. In fact, the Telegraph Company stated in its brief in the Court of Civil Appeals that Staats entered the basement of the Conroy Building to reset his employers' instrument. Staats testified that it was his duty to find the trouble and correct it. It also testified that he considered it to be his duty to close the valve. The mere fact that he violated instructions in doing the act complained of cannot operate to take the act out of the course of his employment. Burnett v. Oechsner, 92 Texas 588, 50 S. W. 562; 71 Am. St. Rep. 880; Baker Hotel of Dallas v. Rogers, 157 S. W. (2d) 940 (error refused); International & G. N. Ry. Co. v. Anderson, 82 Texas 516, 17 S. W. 1039, 37 Am. St. Rep. 802; Acme Laundry v. Weinstein, 182 S. W. 408 (error refused); Lancaster v Campbell, 218 S. W. 550; 29 Tex. Jur., 415; 39 C. J. 1285, 1286.

In Acme Laundry v. Weinstein, supra, it was said: "But, on the other hand, it is equally true that the fact that the negligent act resulting in the injury may not have been authorized by the principal, or in fact may have been forbidden, will not therefore necessarily relieve the master or principal from liability."

In the case of Burnett v. Oechsner, supra, Judge Gaines approved this language from International & G. N. Ry. Co. v. Anderson, supra: "To hold the master liable for the act of his servant, it is not necessary that the servant should have the authority to do the particular act. The act of the servant may be contrary to his express orders, and yet the master may be liable. But the act must be done within the scope of the general authority of the servant. It must be done in furtherance of the master's business, and for the accomplishment of the object for which the servant is employed. For the mode in which the servant performs the duty he is engaged to perform, if wrongful and to the injury of another, the master is liable, although he may have expressly forbidden the particular act.

We hold that Staats was acting within the course of his employment at the time when he attempted to close the valve.

■■ It is next contended that there is no evidence that Staats acted neligently. The trial court found that he was negligent, and the Court of Civil Appeals upheld the trial court's finding of negligence. We have carefully considered the evidence, and we believe that this Court would not be justified in reversing the finding of the trial court and in holding that there is no evidence of negligence. First State Bank v. The Metropolitan Casualty Co. of New York, 125 Texas 113, 79 S. W. ( 2d) 835, 98

A. L. R. 1256; National Bond & Mortgage Co. v. Davis (Com. App.), 60 S. W. (2d) 429; Galveston, H. & S. A. Ry. Co. v. American Grocery Co., 122 Texas 1, 36 S. W. (2d) 985. The evidence is conflicting as to whether Walsh & Burney was negligent. Therefore we think the decision of the Court of Civil Appeals in regard to Walsh & Burney must be considered binding upon this Court. That phase of the case needs no further discussion.

The judgment of the Court of Civil Appeals in so far as it reverses the judgment of the trial court is reversed, and the judgment of the trial court is affirmed.

Opinion delivered January 5, 1944.

Rehearing overruled February 9, 1944.