

# THE ATTORNEY GENERAL

# OF TEXAS

**JOHN L. HILL**
**ATTORNEY GENERAL**

AUSTIN, TEXAS 78711

July 31, 1973

The Honorable Marie Hudson Winters
Firemens' Pension Commissioner
503-F Sam Houston State Office Bldg.
Austin, Texas 78701

Opinion No. H- 76

Re: Whether or not, a Laredo
fireman who was killed or dis-
abled while performing fire
fighting duty in Nuevo Laredo
would qualify under the pro-
visions of the Firemens'
Pension Law as set out under
Vernon's Revised Civil
Statutes 6243e as amended.

Dear Commissioner Winters:

Your request for our opinion poses a question specifically involving
the firemen of Laredo, Texas, but possibly of more general interest. You
state that from time to time officials from the City of Nuevo Laredo, in
Mexico, request that Laredo firemen and fire fighting equipment be sent
into Mexico to assist in extinguishing conflagrations.

Article 6243e, Vernon's Texas Civil Statutes creating the Firemens'
Relief Pension Fund, provides in its § 7 for the retirement with a disability
pension of firemen in certain cities who "shall become physically or mentally
disabled while in and/or in consequence of, the performance of his duty . . ."
Similar language appears elsewhere in the Act as a condition precedent to
benefits under the Act.

The language has been construed in Board of Firemens' Relief and Retire-
ment Fund Trustees of Houston v. Marks, 242 S. W. 2d 181 (Tex. 1951) to
require that the disability, to be pensionable, be causally connected with the
performance of the fireman's duties and that it was not the intention of the
Legislature to insure a fireman against all injuries that might be sustained

during the period of his employment. " . . . the purpose of the Act is to provide a fund for aid to those who experience a disability having its origin in the work being done as a fireman . . . " (242 S. W. 2d at 182)

In Attorney General Opinion V-775 (1949), this office considered the question of coverage under the Act of firemen from Texarkana, Texas, injured while fighting fires in Texarkana, Arkansas. It was the conclusion of the Opinion that:

> " A city fireman engaged in assisting in the exterminating of a fire outside of the City of Texarkana, Texas, beyond the state line in the City of Texarkana, Arkansas, would be covered by the Texas Firemens' Pension Statute for an injury received by him if such activities were reasonably necessary for the proper discharge of his duties as a Texarkana, Texas, fireman."
> (Emphasis added)

The decision is based upon the limited powers of municipal corporations under our laws, confining the exercise of their powers to their geographic areas. Article 11, § 4 and § 5, Constitution of the State of Texas. Article 1175, V. T. C. S.

Among the specific powers given to home-rule cities by the last cited statute is the power to provide for police and fire departments and:

> "To enforce all ordinances necessary to protect health, life and property, and to prevent and summarily abate and remove all nuisances and to preserve and enforce the good government, order and security of the city and its inhabitants. "

Although there is no express statutory provision authorizing a fire department of a city to fight a fire outside of the limits of that city, we are of the opinion that the conclusion stated in Attorney General Opinion V-775 (1949) is valid. Where those entrusted with making such decisions decide it is in the interest of good government and of necessity to protect health, life and property, etc., for the fire department of one city to travel outside its limits into some other area, firemen while so engaged are acting within their duties. It should not be the burden of each individual fireman to weigh

the decision made by his superiors and to determine whether fighting a particular fire falls within the scope of the city's authority.  Once a decision has been made and has been communicated to the firemen, they should be entitled to rely upon it while engaged in their fire fighting duties.

The phrase, "course of employment", as used in the Workmens' Compensation Act, Article 8306, et seq, V. T. C. S., presents problems similar to that of "performance of duty" under Article 6243e, § 7.  The courts have ruled that an employee who is instructed by his superior to perform recognized and established duties, will be deemed to be operating within the course of his employment, regardless of whether those duties actually are being performed for a valid purpose of his employment.  Maryland Casualty Co. v. Levine, 67 F. 2d 816 (CCA 5th, 1933); Lehers v. Federal Underwriters Exchange, 79 S. W. 2d 925 (Tex. Civ. App., Beaumont, 1935), affirmed 120 S. W. 2d 791 (Tex. 1938).

Under the doctrine of respondeat superior, the master is deemed to be liable to a third person for the acts of his servant if that servant is acting within the scope of his employment, even though performing the duties in a wrongful manner.  Sears, Roebuck & Co v. Jones, 303 S. W. 2d 432 (Tex. Civ. App., Waco, 1957, ref., n. r. e. ).  This is true even if the master's orders constitute an unlawful or unusual authorization.  Burnett v. Oechsner, 50 S. W. 562 (Tex. 1899); Heitkamp v. Krueger, 265 S. W. 2d 655 (Tex. Civ. App., Austin, 1954, ref., n. r. e. ).

For a master to be responsible for his servant's own injuries, his servant must be acting within the scope of his employment, which is determined by what he was employed to perform and what, with the knowledge and sanction of his employer, he actually did perform.  Galveston H. & S. A. Ry. Co. v. Bremer, 217 S. W. 253 (Tex. Civ. App., San Antonio, 1920).

Therefore, to answer your question, it is our opinion that a fireman of Laredo, Texas, or of any other Texas city ordered by his superiors to go to Nuevo Laredo or any other municipality outside the terrirorial limits ordinarily served by the fire department, who, while in Mexico, receives injuries as a result of his activities in fighting the fire, receives those injuries "in and/or in consequence of the performance of his duty", and is entitled to a pension if all other requirements are met.

## SUMMARY

The duties of firemen are not defined by statute and must be determined by the good faith judgment of their superiors. A fireman injured outside the territorial limit of the city primarily served by the fire department upon orders of a superior officer in the department or in the city government, has the right to assume that the decision to send him is rightfully made and will be entitled to the benefits of the Firemens' Relief and Retirement Law if he sustains injury while so engaged.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee