[Civ. No. 357.   Second Appellate District.—June 18, 1907.]

## LINNA A. HIGGINS et al., Appellants, v. LOS ANGELES RAILWAY COMPANY, Respondent.

APPEAL—REVIEW—OPINION OF TRIAL JUDGE.—The reasons assigned in the opinion of the trial judge for his conclusions upon the final determination of a case constitute no part of the record upon appeal; and however erroneous the reasoning may be, error cannot be predicated thereon; and a proper ruling by the judge will not be disturbed because the court renders its conclusion by erroneous reasoning. If this court finds that upon any ground or for any reason the action of the court below is correct, such action will be affirmed, regardless of the reason which the court may have given for it.

ID.—AFFIDAVITS USED ON MOTION FOR NEW TRIAL—BILL OF EXCEPTION—RULE OF COURT.—Affidavits used on a motion for a new trial must be incorporated in a bill of exceptions, as required by rule XXIX of this court, else they cannot be considered on appeal from the order denying the motion.

ACTION FOR DEATH—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE OF DECEASED—SUPPORT OF FINDINGS.—In an action to recover for the death of a person alleged to have been caused by the negligence of the defendant, in which the negligence was denied and the contributory negligence of the deceased was put in issue, it is held that, notwithstanding a conflict in the evidence, there is sufficient evidence to sustain the findings that the defendant was not guilty of negligence, and that the deceased was guilty of contributory negligence.

ID.—EVIDENCE—SPEED OF CAR—RULINGS NOT PREJUDICIAL.—Where five witnesses had testified that the car was running at a speed not to exceed eight miles per hour, supposing, without holding, that objections sustained to two other witnesses as not experts, who were

asked as to the speed of the car, one of whom testified that it was running thirty miles per hour, were erroneous in view of the evidence as to independent contributory negligence, such rulings could not be prejudicial.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.    G. A. Gibbs, Judge.

The facts are stated in the opinion of the court.

A. D. Warner, and Ansel Smith, for Appellants.

Bicknell, Gibson, Trask, Dunn & Crutcher, and Norman S. Sterry, for Respondent.

SHAW, J.—On the night of December 6, 1904, John T. Higgins, while crossing Central avenue at its intersection with Sixth street in the city of Los Angeles, was struck by an electric street-car operated by the Los Angeles Railway Company, receiving injuries which caused his death on the following morning.  His widow in her own right and as administratrix of his estate, and also as guardian *ad litem* of his minor children, instituted this action against said railway company to recover damages claimed to have been sustained on account of his death.  Judgment was rendered for defendant, from which, and an order denying a motion for a new trial, plaintiff prosecutes this appeal.

The complaint charges that the death of the deceased was due to the negligence of said railway company in making and leaving unprotected certain excavations along its tracks at the intersection of said Central avenue and Sixth street, into one of which excavations said Higgins stepped while attempting to cross said avenue in the night-time while the same was unguarded by signal lights and in the absence of any warning as to its dangerous condition, and from which he was unable to extricate himself before being struck by a car operated over the track at said point at a high, dangerous and reckless rate of speed, and thereby received injuries which caused his death.

The answer is a general denial, with an allegation that the death of said Higgins was due to his own carelessness and

negligence, which directly contributed to the collision which caused his death.

The transcript contains certain affidavits which purport to embody the opinion of the trial judge, delivered orally at the close of the trial. It is claimed that these affidavits incorporating this opinion were used in support of the motion for a new trial, and the reasoning of the trial judge in determining the case in favor of respondent is assigned as error and here strenuously urged as a ground for the reversal of the order denying appellant's motion for a new trial. The reasons assigned by the trial judge for his conclusions upon the final determination of a case constitute no part of the record on appeal. However erroneous the reasoning may be, error cannot be predicated thereon. Such an opinion may be cited and referred to in argument and thus be the means of assisting the court in reaching a correct solution of the questions submitted, but a proper ruling will not be disturbed because the court reaches its conclusions by a process of erroneous reasoning. "If this court finds that upon any ground or for any reason the action of the court below was correct, such action will be affirmed, regardless of the reason which the court may have given for it." (*White* v. *Merrill,* 82 Cal. 14, [22 Pac. 1129]; *Schwerdtle* v. *Placer County,* 108 Cal. 589, [41 Pac. 448].)

The affidavits cannot be considered on appeal from the order denying the motion for a new trial, because they are not incorporated in a bill of exceptions as required by rule XXIX of this court, which provides: "In all cases of appeal from the orders of the superior courts, the papers and evidence used or taken on the hearing of the motion must be authenticated by incorporating the same in a bill of exceptions, except where *another mode of authentication is provided by law.*" The law provides no other mode; hence, their incorporation in a bill of exceptions is the exclusive method of presenting such affidavits to this court for its consideration upon an appeal from an order denying a new trial. (*Skinner* v. *Horn,* 144 Cal. 278, [77 Pac. 904].) The affidavits in question, as printed in the transcript (after title of court and cause), are entitled: "Affidavits of A. D. Warner, Linna A. Higgins, Joseph Tilley, on Motion for New Trial," and are indorsed: "Used on Motion for New Trial, G. A. Gibbs,

Judge." Following these affidavits there is printed in the transcript a counter-affidavit entitled: "Affidavit of Geo. A. Gibbs on Motion for New Trial," with a like indorsement. While it is reasonably certain that these affidavits were used at the hearing of the motion for a new trial, it does not appear that such affidavits were the only ones so used. (*Shain* v. *Eikerenkotter*, 88 Cal. 13, [25 Pac. 966]; *Spreckels* v. *Spreckels*, 114 Cal. 60, [45 Pac. 1022]; *Melde* v. *Reynolds*, 120 Cal. 234, [52 Pac. 491].)

Counsel for appellant, while contending in a general way that the evidence is insufficient to justify the findings, does not direct our attention to any specific finding thus unsupported, or point out wherein the evidence is insufficient. His argument is directed to a vigorous attack upon what he terms the "system of ratiocination" by means of which the learned trial judge arrived at his conclusion in deciding the case. As we have seen, this "system" is not a subject of review by this court.

The court, in effect, finds that the excavations made by the defendant in repairing its track were not large, deep or dangerous; that defendant placed lights at each excavation to warn travelers of its presence; that defendant was not negligent in making or leaving said excavations, nor in the manner of placing its lights to warn persons of the existence of the same; that the deceased did not step or stumble over or into any excavation, and that none of said excavations caused or contributed in any manner to the collision between deceased and the defendant's car. As to all of these findings there was, taking the most favorable view to appellant, a substantial conflict of evidence, and hence the finding of the court will not be disturbed. Having made the above finding, the court further found upon the issue of contributory negligence alleged in the answer, "that said collision between the said John T. Higgins and the said car of said defendant, and his death resulting therefrom, were caused wholly and entirely by the fault, carelessness and negligence of said John T. Higgins, and without any fault, carelessness or negligence upon the part of the said defendant or any of its servants, agents, or employees"; and further, by finding VIII, "that the said John T. Higgins was guilty of negligence which directly

and proximately contributed to the collision between himself and the said car, and his death resulting therefrom.'' In support of these findings, one Newton, who was walking north on Central avenue, testifying on behalf of plaintiff, says: "When I got within about fifty feet of 6th street I saw a car coming toward me on Central avenue, and I saw a man coming diagonally across 6th street. I saw the man by the light of the headlight. I think I was about fifty feet from him when he was hit." He further said that he could see the hole into which the man stepped from that distance, and that deceased was in as good a position to see the hole as he was. "*His range of vision,*" says the witness, "*was better than mine, and he ought to see it better than I did. The car was anywhere from eight to ten feet from the man when I first saw him.*" He further says that the man stumbled across a pile of dirt when he was *eight or ten feet from the car;* that the man seemed to stumble over a pile of dirt *between the two tracks,* there being double tracks on Central avenue, and the deceased having crossed the east track, the injury occurring on the west line of track upon which the car was traveling south. No other evidence was offered upon this point by plaintiff. The uncontradicted evidence of the motorman is, that he rang the gong twice as the car came into Sixth street; that the deceased was *ten* to *fifteen* feet in front of the car when he first saw him; that upon seeing him he rang the gong and shouted and applied the air hard to his brake; that deceased paid no attention, but jumped on the track in an attempt to cross, without increasing his pace, and when he reached the west rail of the west track the car hit him. Another witness, who was in the car, testified that he saw deceased suddenly walk into the rays of the headlight about *ten* to *fifteen* feet from the car and in the act of stepping across the east rail of the west track. Other uncontradicted evidence was to the effect that deceased seemed preoccupied and apparently unconscious of the near approach of the car; that "he didn't seem to see or hear anything. He seemed to be in deep thought. That was the appearance to me when he went between the tracks."

It thus conclusively appears by appellant's testimony the car was *eight* to *ten* feet, and by that of defendant, *ten* or

*fifteen* feet, distant from the point where deceased first stepped upon the east rail and was struck by the car when he had reached the west rail of the track. The headlight, plainly visible, and the ringing of the gong was notice and warning of the approach of the car, and the court might well conclude from the evidence that the deceased failed to exercise that degree of care and prudence ordinarily exercised by men possessing those qualities. The evidence justified the finding of the court as to contributory negligence on the part of appellant's intestate. (*Bailey* v. *Market Street Ry. Co.,* 110 Cal. 320, [42 Pac. 914]; *Portsmouth Street Ry. Co.* v. *Peed's Admr.,* 102 Va. 662, [47 S. E. 850]; *Jewett* v. *Paterson Ry. Co.,* 62 N. J. L. 424, [41 Atl. 707]; *Schwanewede* v. *North Hudson Ry. Co.,* 67 N. J. L. 449, [51 Atl. 696].)

As to errors excluding testimony, the court sustained defendant's objection, upon the ground that he was not an expert and no foundation was laid, to a question asked of witness Newton as to how fast the car was running at the time deceased was struck. Later the witness testified that the car was running twenty-five or thirty miles per hour. Conceding that the court erred in sustaining defendant's objection to the question asked as to the speed of the car when the collision occurred, it was cured by the fact that he subsequently answered it. (*Harrington* v. *Los Angeles Ry. Co.,* 140 Cal. 525, [98 Am. St. Rep. 85, 74 Pac. 15].) Witness Rowe was asked a similar question, to which the court sustained defendant's objection made upon like grounds. Admitting, but not holding, this ruling to be error, it could not have prejudiced appellant, in view of the finding that the injury resulting in the death of deceased was due to his own negligence. (*Wolfskill* v. *Los Angeles Ry. Co.,* 129 Cal. 114, [61 Pac. 775]; *Sego* v. *Southern Pac. Co.,* 137 Cal. 405, [70 Pac. 279].) Five witnesses testified that the car was running at a speed not to exceed eight miles per hour. Had the testimony of Rowe upon this point been admitted, and conceding that his evidence and that of Newton had justified the court in finding that the car was running at a speed of twenty-five or thirty miles per hour, could such fact have warranted the court in finding otherwise than it did upon the question of contributory negligence? Assuming the evidence tendered by plaintiff as to the speed of the car, of the exclusion of which appellant

5 Cal. App.—48

complains, had been admitted, deceased would still have been guilty of contributory negligence. It is manifest that the reception of this evidence could not have changed the result, and, therefore, appellant suffered no injury by reason of said ruling. (Code Civ. Proc., sec. 475; *Estate of Morey,* 147 Cal. 495, [82 Pac. 57].)

At the close of defendant's evidence, plaintiff called Alex Geddis in rebuttal and asked: "Was there any lights or lamps or lanterns anywhere at the intersection of 6th and Central avenue at that time (7:30 P. M.) that night?" The court sustained respondent's objection thereto upon the ground that the testimony sought to be elicited by the question was not rebuttal. In presenting her evidence in chief appellant offered several witnesses who testified to the absence of signal lights at the point in question. No excuse was suggested for not calling this witness at that time. The evidence tendered was not in rebuttal and no reason was offered calculated to appeal to the discretion of the court or which would warrant any other ruling than that made. (*Patterson* v. *San Francisco etc. Ry. Co.,* 147 Cal. 178, [81 Pac. 351].)

The order and judgment appealed from are affirmed.

Allen, P. J., and Taggart, J., concurred.