WALTER FRENCH, administrator, *vs.* CHARLES W. SABIN, JR.

Norfolk.    March 24, 25, 1909. — May 21, 1909.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Negligence,* Causing death, Due care of decedent.    *Evidence,* Relevancy.

At the trial of an action against one operating an electric light system, to recover for the death of the manager of a telephone exchange who was alleged, while in the discharge of his duties he was upon a pole upon which were telephone wires and wires of the defendant, to have received a shock from electricity communicated to him from uninsulated portions of the defendant's wires, it appeared that the general conditions of danger upon the pole were manifest and that the decedent either knew or in the exercise of reasonable prudence should have known of them; and there was evidence tending to show that the decedent had completed his work and was ready to descend, and that later he gave an outcry of distress and was seen falling from the pole; but there was no evidence to show what act of his brought him into contact with the defendant's wires. The presiding judge ordered a verdict for the defendant. *Held*, that the verdict was ordered rightly, since the question, whether or not at the time when he was injured the plaintiff's intestate was in the exercise of due care, was left on the evidence entirely a matter of conjecture.

At the trial of an action to recover for the death of the plaintiff's intestate, testimony of a witness tending to show that the decedent generally had been a competent and careful man in the opinion of the witness is not admissible to show that at the time when he was injured he was in the exercise of due care.

TORT for the death of the plaintiff's intestate. Writ in the Superior Court for the county of Norfolk dated January 4, 1906.

The case was tried before *Dana,* J. It appeared that the plaintiff's intestate, at the time when he met his death, was the manager of the telephone exchange of the New England Telephone and Telegraph Company at Randolph. Other facts are stated in the opinion.

At the close of the plaintiff's evidence the presiding judge ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*G. W. Anderson,* (*E. H. Ruby* with him,) for the plaintiff.

*E. K. Arnold,* (*W. B. Luther* with him,) for the defendant.

BRALEY, J. The accident causing the injury and death of the plaintiff's intestate resulted from an electrical shock, received while he was adjusting a telephone wire connecting the house of a subscriber with the main line. If it be assumed that there was evidence of the defendant's negligence arising from the defective insulation of the electric lighting wires with which the decedent while at work came in contact, the plaintiff was bound to offer some evidence from which the jury could find that his intestate was in the exercise of due care. In substance the evidence when examined tended to prove that, for some years previously and at the time of his death, the decedent was employed by a telephone company whose wires were strung on crossarms of the poles which also supported the wires of the defendant's electric lighting system. It having become necessary to make the connection for the subscriber, he left the central office taking a test box with other tools, and went to a pole opposite the premises, which he was seen to ascend. While this pole had been set in the place of an old pole, which had been cut off at the ground, the old pole still supporting both sets of wires had been attached to the new pole by a guy wire, and according to the evidence of the plaintiff's expert electrician, all the apparatus was in proper repair except the lighting wires, carrying at the time a current of eleven hundred volts. A tie wire by which one of the lighting wires was attached to the insulator on the side of the pole where the intestate would have to perform his work had an uninsulated projecting point, and the insulation on these wires also had been worn off in many places

by friction with the branches of the trees through which they ran. The expert evidence very plainly showed that if a person ascended the pole to the height required, and his body touched the bare wire and the telephone wire or guy wire simultaneously, or, as the lighting wires where they touched the trees had become grounded, if he came into contact with them, a circuit through his body would be complete and he would receive an electrical shock insufficient to cause death, but producing temporary paralysis owing ·to loss of muscular control. It was into this field of manifest danger, whose general conditions he either knew or in the exercise of reasonable prudence should have known, that the decedent entered. But if from his knowledge and skill, gained from previous experience, he well might have appreciated the perils of his position, there is no evidence as to his movements just before he received the shock and fell to the ground. The only witness of his conduct at the pole saw him ascend until he disappeared from view in the foliage. It may be inferred from the telephone wires being afterwards found connected and from his calling the office and talking with the operator, that, his work having been completed, he was ready to descend, but beyond this point of time everything is left to conjecture. If it is true that this witness also happened to hear the conversation and heard immediately after an outcry of distress and saw him falling through the branches of the trees, what preceding act either of omission or commission brought him in touch with the current is wholly problematical. It would serve no useful purpose to enter upon any discussion as to what he possibly may have contemplated or may have done, preparatory to a descent or change of position, for, not being based on any positive evidence, direct or circumstantial, any supposition would be inconclusive and wholly insufficient to supply the requisite proof.

The plaintiff, realizing this dilemma, invokes the familiar rule that due care may be proved if enough circumstances appear from which the jury can infer that nothing in the conduct of the plaintiff contributed to his injury. *Prince* v. *Lowell Electric Light Corp.* 201 Mass. 276. But, as we have said, all the circumstances do not appear, as the conduct of the decedent at the moment when he received the shock cannot be inferentially

supplied.   *Donaldson* v. *New York, New Haven, & Hartford Railroad,* 188 Mass. 484, 486, and cases cited.   *McCarty* v. *Clinton Gas Light Co.* 193 Mass. 76.   *Lizotte* v. *New York Central & Hudson River Railroad,* 196 Mass. 519.   *Brodie* v. *Rockport Granite Co.* 197 Mass. 147.

The exceptions to the exclusion of evidence may be briefly noticed.   It was wholly irrelevant whether the decedent generally was a competent and careful man in the opinion of the witness whose answer, that he had "always noticed him so in that vicinity," was excluded.  Proof of previous acts of due care when engaged in his work had no tendency to prove that he was careful on the day of the accident.   Having failed to offer any affirmative evidence of his intestate's carefulness, the plaintiff was not harmed by the exclusion of the testimony as to the defective condition of the defendant's wires in other places, or of the system as a whole, or of the conversation of the defendant's superintendent.

*Exceptions overruled.*