is one granting a motion for new trial, within the meaning of the act, the writ must yet be refused under the well-recognized rule that mandamus will never be awarded where the relator has an adequate legal remedy. Glenn v. Milam, 114 Tex.' 160, 263 S. W. 900; Smith v. Conner, 98 Tex. 434, 84 S. W. 815; State v. Fisher, 94 Tex. 491, 62 S. W. 540; Aycock v. Clark, 94 Tex. 375, 60 S. W. 665; Steele v. Goodrich, 87 Tex. 401, 28 S. Wi 939; State v. Morris, 86 Tex. 226, 24 S. W. 393; Southern, etc., Co. v. Texas, etc. (Tex. Com. App.) 281 S. W. 1045.

[2] Now Vernon's Annotated Texas Statutes 1925, art. 2249, provides:

"* * * An appeal may be taken to the Court of Civil Appeals from every order of any district or county court in civil cases granting motions for new trials in any of the above-mentioned cases and such appeal shall be taken within the same time and in the same manner as if the judgment was final."

So that relators' petition discloses that they had an adequate legal remedy by statutory appeal, and the writ should in any event be denied.

We therefore recommend that the writ of mandamus be denied.

CURETON, C. J. The opinion of the Commission of Appeals is adopted, and mandamus denied.

---

**LANCASTER & WALLACE v. GONZALES.**
(No. 870–4617.)

(Commission of Appeals of Texas, Section A. Nov. 24, 1926.)

**1. Railroads ⊂═350(13)—Contributory negligence of pedestrian crossing railroad track held question of fact.**

Whether one, killed by cars on railroad track at street crossing, was guilty of contributory negligence in standing between car tracks or in failing to look for cars, *held* to be fact questions.

**2. Appeal and error ⊂═1062(1)—Error in submitting question of deceased's contributory negligence in standing between rails of railroad track held not prejudicial, in view of finding of other contributory negligence.**

Error in submitting question of deceased's contributory negligence in standing between rails of railroad track *held* not prejudicial, where jury found him guilty of contributory negligence in failing to look for cars as he approached track, since latter negligence was complete defense.

Error to Court of Civil Appeals of Second Supreme Judicial District.

Action by Generio Gonzales against Lancaster & Wallace, receivers. Judgment for defendants was reversed and remanded by the Court of Civil Appeals (282 S. W. 954), and they bring error. Judgment of Court of Civil Appeals reversed, and that of district court affirmed.

F. B. Walker and Thompson, Barwise & Wharton, all of Fort Worth, for plaintiffs in error.

Frank R. Graves, of Fort Worth, for defendant in error.

BISHOP, J. Defendant in error filed this suit in the district court to recover damages for the death of his son, proximately caused by the negligence of plaintiffs in error in operating cars on their railroad track at a street crossing in the city of Fort Worth, Tex. Controverted issues of fact as to negligence on the part of plaintiffs in error and contributory negligence on the part of the son were submitted to the jury on special issues, and, on the verdict finding plaintiffs in error guilty of negligence proximately causing the injury and death, as alleged, and the son guilty of contributory negligence, the court rendered judgment that the defendant in error take nothing by reason of his suit. This judgment was by the Court of Civil Appeals reversed, and the cause remanded to the district court for another trial.

The son died from injuries received by being run over by cars at a crossing of the street and railroad tracks. These two issues of contributory negligence were submitted in the charge: First, (a) whether deceased, as he approached the tracks on which he was injured on the occasion of his injuries, stopped to ascertain if cars were approaching on the track on which he was injured; and, (b) if he did not stop, was his failure to do so contributory negligence on his part. Second, whether he was guilty of contributory negligence in standing between the rails of the track in the manner and under the circumstances as he did on the occasion of his injuries.

[1, 2] These were both fact issues. Under the pleadings and evidence each presented a separate and complete defense to the cause of action asserted. The verdict was in favor of plaintiff in error on both. The Court of Civil Appeals held that the trial court, in presenting the issue whether deceased was guilty of contributory negligence in standing between the rails of the track at the time he was injured, assumed that he was standing between the rails of the track, whereas the evidence presented an issue of fact as to whether he was so standing, and that this assumption of a fact in issue was error. With this holding we agree. This error, however, did not adversely affect the finding that deceased was guilty of contributory negligence in not stopping as he approached the tracks to ascertain whether the cars were

approaching, and, as this negligence on his part was a complete defense to the cause of action, it was error to reverse the judgment.

We recommend that the judgment of the Court of Civil Appeals be reversed and that of the district court affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals reversed, and judgment of the district court affirmed.