### MILLER v. ESTEP et al.  (No. 508.)

Court of Civil Appeals of Texas. Eastland.
March 30, 1928.

Rehearing Denied May 4, 1928.

Appeal and error ☜1056(4)—Exclusion of ordinance as evidence of defendant's negligence, if error, held harmless, where jury found plaintiff guilty of contributory negligence.

In suit for personal injuries alleged to have been sustained by reason of negligence of contractors in refilling sewer ditch where jury found that plaintiff was guilty of contributory negligence, exclusion of ordinance as evidence of defendant's negligence, if error, *held* harmless, since such error would not cause different judgment to be rendered than would have been rendered but for alleged error.

Error from District Court, Taylor County; W. R. Chapman, Judge.

Action by Mrs. Hattie Miller against R. J. Estep and others. To review a judgment for the defendant, plaintiff brings error. Affirmed.

Kirby, King & Overshiner, of Abilene, for appellant.

Davidson & Hickman, of Abilene, and Holland, Bartlett, Thornton & Chilton, of Dallas, for appellees.

HICKMAN, C. J. The plaintiff in error will be called plaintiff and the defendants in error will be called defendants. Plaintiff brought suit against R. J. Estep & Co., contractors, and the city of Abilene, for damages for personal injuries alleged to have been sustained by her by reason of the negligence of the defendants in refilling a sewer ditch and failing to restore the surface of the alley through which the ditch was dug to the same condition as it was before the excavation was made. The case was submitted to the jury on special issues, which, together with the answers thereto, were as follows:

"Special issue No. 1. Was the sewer pipe ditch in question filled in a negligent manner? Answer yes or no.  Answer: No.

"Special issue No. 2. If you have answered special issue No. 1 in the affirmative or yes, then was such negligence the proximate cause of plaintiff's injury? Answer yes or no. No answer.

"Special issue No. 3. Was the plaintiff guilty of negligence in stepping into the place in the alley where she was injured? Answer yes or no. Answer: Yes.

"Special issue No. 4. If you have answered special issue No. 3 in the affirmative or yes, then did such negligence on the part of the plaintiff contribute to her injury? Answer yes or no. Answer: Yes. If you answer special issue No. 3 in the negative, or no, then you need not answer special issue No. 4.

"Special issue No. 5. What amount of money, if paid now, will fairly compensate the plaintiff for her injuries, if any, sustained as alleged in her petition? In answering this special issue you may take into consideration the physical pain and mental anguish, if any, caused by said injuries, the reasonable and necessary expenses, if any, incurred for medical attention, and the value of the loss of her personal earnings and services on account of said injuries, if any. No answer. If you answer special issue No. 1 in the negative, or no, then you need not answer special issue No. 5."

Upon this verdict judgment was entered in favor of the defendants, and plaintiff brings this case here by writ of error.

One of the grounds of negligence pleaded by plaintiff was the violation by the defendants of an ordinance of the city of Abilene, relating to the manner of obtaining a permit to make excavations in the streets and alleys of the city, and directing the manner of refilling such excavations when made. The trial court sustained a special exception of the defendants to that portion of plaintiff's petition in which the ordinance was pleaded, and, upon objections by defendants, excluded the ordinance as evidence when offered by plaintiff. The rulings of the trial court on this exception and on the admissibility of this ordinance in evidence are assigned as error.

By appropriate counter propositions the defendants present that, the jury having found that plaintiff was guilty of contributory negligence, it was immaterial whether they were guilty of negligence, and the exclusion of evidence tending to prove negligence on their part, if erroneous, was harmless error. We sustain these counter propositions.

The only issue upon which the ordinance could have been admissible was the issue of negligence of the defendants. It would not have been admissible as a circumstance on the issue of plaintiff's contributory negligence, had the defendants admitted their own negligence. The jury has found in answer to an issue properly pleaded by the defendants that plaintiff was guilty of negligence which contributed to her injury. The sufficiency of the evidence to support this finding is not attacked by plaintiff. No error is assigned to the improper admission or to the exclusion of any evidence relevant to that issue. The conclusion necessarily follows that, even if the trial court erred in the particulars cited by plaintiff, such errors did not cause a different judgment to be rendered to that which would have been rendered but for such al-

---

☜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

leged errors, and they therefore affirmatively appear to be harmless. Whitney v. Texas Central R. R. Co., 50 Tex. Civ. App. 1, 110 S. W. 70 (error refused); 4 C. J. § 2993, pp. 1009, 1010; Crull v. Louisa County, 169 Iowa, 199, 151 N. W. 88; Higgins v. Los Angeles Ry. Co., 5 Cal. App. 748, 91 P. 344; Hart v. Northern Pacific Ry. Co. (C. C. A.) 196 F. 180; French v. Sabin, 202 Mass. 240, 88 N. E. 845; Fowler v. Ga. R., etc., Co., 133 Ga. 664, 66 S. E. 900; Koepke v. Wisconsin Bridge, etc., Co., 116 Wis. 92, 92 N. W. 558.

In the section of Corpus Juris cited above the rule is stated in this language:

"Thus, in an action for personal injuries or wrongful death, any error in excluding evidence of negligence on the part of defendant is harmless, where it appears that plaintiff was guilty of contributory negligence barring recovery, or where plaintiff failed to show that the intestate was exercising due care when killed."

The cases cited in the note to the above quotation, including the cases above cited in this opinion, support the text and assign convincing reasons for the rule announced. Our holding on this question renders unnecessary a consideration of plaintiff's assignments.

The judgment of the trial court will be affirmed.

### On Rehearing.

The motion for rehearing discloses that much time and thought have been devoted to its preparation. It deserves and has received careful consideration. But we are convinced that a correct disposition was made of this case by the original opinion. In studying again the question of law decided, we have discovered another Texas authority which was not cited by either party, and which was overlooked by us in our former study of this case. We refer to the case of Yoes v. Texas & Pac. Ry. Co. (Tex. Civ. App.) 211 S. W. 311 (error refused). In that case a passenger sued a railway company for damages for personal injuries. The charge of the court erroneously defined the degree of care required of the defendant. The jury absolved the defendant from negligence, and found that plaintiff was guilty of contributory negligence. The judgment of the trial court in favor of defendant was affirmed by the appellate court, notwithstanding the erroneous instruction, on the ground that such error became harmless in view of the finding of contributory negligence. That was the controlling question in the case, and by refusing a writ of error therein the Supreme Court approved the holding on that point. To our minds there was a closer relation between the questions of defendant's negligence and plaintiff's contributory negligence in that case than in the instant case. See, also, Sellers v. G., H. & S. A. Ry. Co. (Tex. Civ. App.) 208 S. W. 397 (error refused); Lancaster & Wallace v. Gonzales (Tex. Com. App.) 287 S. W. 1094; Alexander v. Railway (Tex. Civ. App.) 287 S. W. 153 (error dismissed).

The motion will be overruled.