**LANIUS et al. v. PANHANDLE & S. F. RY. CO.  (No. 455.)**

Court of Civil Appeals of Texas. Eastland. June 8, 1928.

**1. Appeal and error ⬅1070(2)—Finding that plaintiff's employees were contributorily negligent in driving cattle across track rendered conflicting findings on negligence of railroad's servants as proximate cause immaterial.**

In action for damages to herd of cattle struck by train while being driven across track by employees of plaintiff, where jury found that employees were guilty of contributory negligence, *held* that it was immaterial that other findings were conflicting on question whether negligence of railroad's employees was proximate cause of damages, since railroad was entitled to judgment.

**2. Appeal and error ⬅215(1)—Failure to object to main charge held waiver of objections (Rev. St. 1925, art. 2185).**

Where plaintiff filed no objection to main charge of court and requested no special issues to be submitted, *held* that such failure to except

to charge amounted to waiver of all objections thereto by reason of Rev. St. 1925, art. 2185.

**3. Trial ⬅352(5)—Grouping in one special issue grounds of primary negligence in action for damages to cattle struck by train held not error, in absence of objection.**

In action against railroad for damages done to herd of cattle which were struck while being driven across tracks by plaintiff's employees, grouping in one special issue all grounds of primary negligence relied on by plaintiff was not error, in absence of any objection thereto.

**4. Appeal and error ⬅218(2)—Plaintiff suing for damages done when train struck cattle could not complain of manner in which contributory negligence was submitted to jury, in absence of objection.**

In action for damages done to herd of cattle struck by train while being driven across track, where several grounds of contributory negligence were submitted under general classification, namely, manner in which cattle were driven upon defendant's right of way and track, *held* that since objection was not made to charge which informed jury that affirmative answer to issue made it unnecessary to answer any other special issue, plaintiff could not be heard to complain on appeal of manner in which issue was submitted.

**5. Railroads ⬅449—Judgment for railroad in action for damages to herd of cattle held supported, where jury found contributory negligence on three specific grounds.**

In action for damages to herd of cattle which were struck by train while being driven across track, judgment for railroad *held* supported, where jury found in favor of defendant on three specific grounds of contributory negligence.

**6. Appeal and error ⬅999(3)—Appellate court could not limit effect of jury's findings that three specific acts were proximate cause to portion of damages.**

Where jury found contributory negligence on three specific grounds, contention that findings could not be construed as findings that acts of contributory negligence were proximate cause of all damages *held* untenable on appeal, since appellate court could not limit effect of jury's findings.

Appeal from District Court, Fisher County; W. R. Chapman, Judge.

Action by Mrs. William Lanius and others against the Panhandle & Santa Fé Railway Company. Judgment for the defendant, and plaintiffs appeal. Affirmed.

Hamner & Ponder, of Sweetwater, for appellants.

Douthit, Mays & Perkins, of Sweetwater, for appellee.

HICKMAN, C. J. Appellants sued appellee for damages to a herd of cattle being driven by appellants' employees across the right of way and track of appellee. Some

of the cattle were killed by appellee's train and others were damaged. Expenses were incurred by appellants for gathering the herd after a stampede brought about by appellee's train. Various specific allegations of negligence on the part of the persons in charge of appellee's train were made in the petition. Appellee pleaded specifically various grounds of contributory negligence. The case was submitted to the jury on special issues. The first three of these issues, together with the answers of the jury thereto, were as follows:

"Special issue No. 1. Were defendant's employees guilty of negligence in the manner that they operated defendant's train, on which Mr. Bickerstaff was the engineer, immediately before and at the time said train reached the public road crossing described in the pleadings? Answer yes or no. Answer: 'Yes.'

"Special issue No. 2. If you answer special issue No. 1 in the affirmative or yes, then was such negligence the proximate cause of plaintiff's damage? Answer yes or no. Answer: 'No.'

"Special issue No. 3. Were the plaintiffs' employees guilty of contributory negligence in the manner that they drove the herd of cattle upon the defendant's right of way and track at the public road crossing mentioned in the pleading? Answer yes or no. Answer: 'Yes.'"

By the answers to the other issues submitted in the court's main charge the jury found that four of appellants' cattle were killed by appellee's train; that the value of the cattle killed was $180; that appellants' cattle were frightened and scattered by appellee's train as a proximate result of appellee's negligence; that appellant's cattle other than the ones that were killed were damaged in the sum of $144 per head; that such damage was the direct and proximate result of appellee's negligence; that the expense of gathering said cattle was $50.

Certain special issues requested by appellee were given to the jury. These issues and the answers of the jury thereto will be referred to later. Judgment was rendered that appellants take nothing by their suit, and the appeal is from that judgment.

It is the contention of appellants that certain answers of the jury are so conflicting as to be mutually, destructive, and that a mistrial should have been declared by the trial court on account of such conflicting findings. The conflict relates to the question of whether the primary negligence of appellee's employees was the proximate cause of appellants' damage. In answer to special issue No. 2, copied above, the jury found that such negligence was not the proximate cause of the damage. In answer to special issue No. 7 the jury found that the cattle were frightened and scattered as a proximate result of appellee's negligence; and in answer to special issue No. 10 the jury found that appellants' cattle, other than

the ones that died, were damaged as the direct and proximate result of appellee's negligence. It therefore appears, as contended by appellants, that the findings of the jury on the question of proximate cause are conflicting. This conflict in findings on the issues of primary negligence would lead to the conclusion that a mistrial should have been ordered were it not for the finding of the jury in answer to special issue No. 3, above copied, that appellants' employees were guilty of contributory negligence in the manner that they drove the herd of cattle upon appellee's right of way and track.

[1] It is our opinion that the finding by the jury that appellants' employees were guilty of contributory negligence renders it immaterial that the findings were conflicting on the question of whether the negligence of appellee's servants was the proximate cause of the damages. Appellee was entitled to judgment on the answer to special issue No. 3, regardless of the answers to other issues, and even if no other issue had been answered by the jury. Yoes v. T. & P. Ry. Co. (Tex. Civ. App.) 211 S. W. 311 (error refused); Sellers v. G. H. & S. A. Ry. Co. (Tex. Civ. App.) 208 S. W. 397 (error refused); Lancaster & Wallace v. Gonzales (Tex. Com. App.) 287 S. W. 1094; Alexander v. Railway (Tex. Civ. App.) 287 S. W. 153 (error dismissed); Miller v. Estep et al., 5 S.W.(2d) 876 (by this court).

Appellants seem to recognize the correctness of this general rule, but insist that the answer of the jury to special issue No. 3 should be set aside because it is contrary to the evidence and without pleadings to support it. We have examined the evidence, and find ample support of the jury's finding therein. The physical facts are such that but slight evidence in addition thereto would be required to support a finding of contributory negligence.

We do not think appellants are in position to complain that the pleadings do not support special issue No. 3. In the court's main charge there is contained this instruction:

"If you answer special issue No. 1 in the negative, or no, or special issue No. 3 in the affirmative, or yes, then you need not answer any of the other special issues."

[2] Appellants filed no objections whatever to the charge of the court, and requested no special issues to be submitted. Their failure to except to the charge amounts to a waiver of all objections thereto. Article 2185, R. S. 1925. Had special issue No. 3 submitted some ground of contributory negligence wholly different to those pleaded, and having no support in the pleadings, the finding of the jury in answer thereto could not be made the basis of a judgment, for, as recently held by this court, a judgment must

find support in the pleadings of the parties. Sivalls Motor Co. v. Chastain (Tex. Civ. App.) 5 S.W.(2d) 185. But that is not the question · presented by this record. It will be noticed that the trial judge submitted the various grounds of primary negligence alleged by appellants against appellee in special issue No. 1 in the same manner that he submitted the various grounds of contributory negligence alleged by appellee against appellant in special issue No. 3. In special issue No. 1 the various grounds of negligence were grouped by the trial court under one general designation, namely, "in the manner that they operated defendant's train." In special issue No. 3 the various specific grounds of contributory negligence alleged by appellee were grouped by the court and submitted in one general issue, namely, "in the manner that they drove the herd of cattle upon defendant's right of way and track at the public road crossing."

[3, 4] All of the grounds of primary negligence relied upon by appellants could be properly grouped, in the absence of any objection thereto, as they were by the court in special issue No. 1. Similarly, all of the specific grounds of contributory negligence relied upon by appellee could be properly grouped, in the absence of any objection thereto, as they were by the court in special issue No. 3. In submitting special issue No. 3 the court did not submit an independent ground of contributory negligence not pleaded or a ground different to those pleaded, but undertook to submit all of several grounds pleaded under one general classification, namely, "the manner that they drove the herd of cattle upon the defendant's right of way and track." Since appellants failed to object to the charge of the court, and particularly to special issue No. 3, and to that portion of the charge which informed the jury that an affirmative answer to special issue No. 3 made it unnecessary to answer any other special issue, they cannot now be heard to complain of the manner in which contributory negligence was submitted in that issue. Our conclusion is that the answer of the jury to special issue No. 3 supports the judgment of the trial court, and that the contention of appellants that a ground of contributory negligence not pleaded by appellee was submitted in that issue must be overruled.

[5] But the judgment has additional support to that contained in the answer to special issue No. 3 of the main charge. Appellee was not satisfied with the manner of submitting the various grounds of contributory negligence pleaded by it, as was done by the court in special issue No. 3, and properly requested special issues covering the various specific grounds of contributory negligence as pleaded. These requested issues were given in charge to the jury. The first of

these special issues requested by appellee called upon the jury to find whether the employees of appellants failed to exercise ordinary care to keep a lookout for the approach of trains on approaching the railroad crossing. To this issue the jury answered: "No." The second issue requested by appellee called upon the jury to find whether appellants' employees on reaching the crossing failed to exercise ordinary care to look for the approach of trains. To that issue the jury answered: "No." In answer to the third requested issue, the jury found that appellants' employees who were in charge of the herd of cattle failed to exercise ordinary care to keep a lookout for the approach of trains while said cattle were passing over the railroad crossing; that such failure was not the sole proximate cause of the damages, but was "one of the proximate causes, that is, was a proximate contributing cause of the damages." In answer to special issue No. 4 the jury found that the appellants' employees in moving the cattle across the railroad track failed to exercise ordinary care to listen for the approach of trains; that this failure, while not the sole proximate cause of the damages, was one of the proximate causes—that is, that it proximately contributed to the damages. By the jury's answer to special issue No. 6 requested by appellee, it was determined that appellants and their employees failed to exercise ordinary care to have a sufficient number of men at the railroad crossing while the stock were being moved across same; that while such failure was not the sole proximate cause of the damages, it was one of the proximate causes. It will therefore be seen that on three specific grounds of contributory negligence pleaded by appellee the jury has found in its favor. These findings by the jury also support the judgment rendered.

[6] It is the contention of appellants that these findings could not be construed as findings that the acts of contributory negligence there submitted were the proximate cause of all of their damages. The contention is that the findings of contributory negligence by the jury in answer to these special issues, when considered in connection with the other answers of the jury, leads to the conclusion that the jury meant to find that appellants' contributory negligence was the proximate cause of that portion of appellants' damages resulting from the death of the cattle which were actually struck by the train, but not the proximate cause of that portion of their damages caused by frightening the cattle which were not struck by the train. We cannot thus limit the effect of the jury's findings. Three specific acts of contributory negligence are found by the jury to be proximate causes of appellants' damages. We are not authorized to hold that these acts of contributory negligence were

found by the jury to be the proximate causes of only a part of appellants' damages.

The record comes to us without a single bill of exceptions, objection to the court's charge, or request for different instructions. We think the answer of the jury to special issue No. 3 in the main charge affords ample support for the judgment of the trial court. No further support is required, but is afforded in the answers to special issues Nos. 3, 4, and 6 requested by appellee. The judgment of the trial court will be affirmed.