**REEVES v. TEXAS & P. RY. CO.**
No. 1192.

Court of Civil Appeals of Texas. Eastland.
June 8, 1934.

Grisham Bros., of Eastland, for appellant.

Shropshire & Bankhead, of Weatherford, and T. D. Gresham and R. S. Shapard, both of Dallas, for appellee.

HICKMAN, Chief Justice.

Appellant sued appellee for damages for personal injuries sustained by him in a railroad crossing accident in the town of Ranger, and, from a judgment denying him any recovery, has perfected this appeal. No statement of facts is brought up with the record.

The brief contains six assignments of error, which will be considered in their order. The first three present the question that the court erred in submitting certain special issues requested by appellee over appellant's objections that same were duplicitous. The issues were subject to the objections urged thereto, and should not have been submitted in the form in which they were submitted. But the errors affirmatively appear harmless. In answer to special issue 5a, the jury found that the appellant was guilty of contributory negligence "in occupying the position he did occupy at the crossing in question at the time of the accident." This negligence was found in answer to the next special issue to have been a proximate cause of appellant's injuries. In answer to other issues, the jury found that appellee was guilty of negligence in certain particulars, which was the proximate cause of appellant's injuries, but the jury was unable to answer several of the issues submitted, among them the two concerning which the above objections were made. Since the jury convicted appellant of contributory negligence, which was a proximate cause of his injuries, the only judgment which the court was authorized to render was the judgment which it did render, that appellant take nothing. This would have been true even had the jury answered each and every other issue against appellee and in favor of appellant. The errors in the court's charge in submitting these duplicitous issues related in no degree to the issue in answer to which the jury found that appellant was guilty of contributory negligence. No objections were made below by appellant to any portion of the charge, except to the submitting of these two unanswered issues. It is therefore apparent that appellant was not prejudiced by these errors. Yoes v. T. & P. Ry. Co. (Tex. Civ. App.) 211 S. W. 311; Lancaster & Wallace v. Gonzales (Tex. Com. App.) 287 S. W. 1094; Miller v. Estep (Tex. Civ. App.) 5 S.W. (2d) 876; Wichita Valley Ry. Co. v. Williams

(Tex. Civ. App.) 6 .S.W.(2d) 439; Lanius v. Panhandle & S. F. Ry. Co. (Tex. Civ. App.) 7 S.W.(2d) 1099; Ripley v. Dozier Const. Co. (Tex. Civ. App.) 45 S.W.(2d) 661; West Texas Coaches, Inc., v. Madi (Tex. Com. App.) 26 S.W.(2d) 199.

The fourth, fifth, and sixth assignments present that the verdict is insufficient to support the judgment. What has been written above disposes of these assignments. Authorities supra.

 In appellant's brief it is argued that a certain portion of the court's charge was fundamentally erroneous, because it was a general charge given in a case submitted on special issues, and because it was an incorrect statement of the applicable substantive law. No objection was lodged to this portion of the charge in the court below, in the absence of which there is not presented any question for review. If the charge was erroneous in the respects complained of, it was appellant's duty to point out his objections thereto in the trial court, and his failure to do so constituted a waiver thereof. R. S. 1925, art. 2185; Indemnity Ins. Co. v. Sparra (Tex. Civ. App.) 57 S.W.(2d) 892, and authorities there cited.

Affirmed.