## JONES v. ST. JOHN.

No. 2426.

Court of Civil Appeals, of Texas. Eastland.

Feb. 11, 1944.

Letcher D. King, of Abilene, for appellant.

Scarborough, Yates & Scarborough, of Abilene, for appellee.

GRISSOM, Justice.

Vera Jones sued R. F. St. John for damages alleged to have resulted from injuries suffered by her in an automobile collision. At the time of the collision Mrs. Jones was riding in a used automobile owned by St. John, an automobile dealer, and the car was being driven by Fulton Williams, an employee of St. John, whose duty it was to sell used automobiles. Also riding in the St. John car at said time was G. C. Farrow, another of defendant's automobile salesmen, and Mrs. Shipley. There was a collision between the St. John car, after 7 o'clock P.M. on Sunday, as it was proceeding westward from Abilene and near Sweetwater, with a stolen automobile, going east from Sweetwater toward Abilene, driven by Finis Grayson. Just before the collision, Williams, driving the St. John automobile and going west, met two automobiles going east. The Grayson automobile, going east, came around two eastbound automobiles at a very high rate of speed, estimated by some of the witnesses to be more than ninety miles an hour. The collision occurred either on the north side of the paved highway or off of the paved highway and near the fence on the north side of the highway. Mrs. Jones was injured.

Williams and Farrow were the agents of St. John, employed by him to sell his used automobiles. Plaintiff contends they were acting within the scope of their employment and trying to sell the used car, which Williams was driving, to Mrs. Jones at the time of the collision. Defendant contends that Williams and Farrow were not trying to sell an automobile; that they were not demonstrating the car; that they were merely engaged in a ride for pleasure, that is, that they were on a mission of their own and not engaged in furtherance of the business of defendant.

The case was submitted to a jury and it found that (1) Williams was an employee of St. John at the time of the collision; (2) at the time of the collision Williams was not "doing or performing anything in furtherance of the business or trade of the defendant"; (3) immediately prior to the collision Williams was not driving the St. John automobile down the center of the highway; (6) immediately prior to the collision Williams was driving the St. John car in excess of 60 miles per hour; (7) this was negligence; (8) but not a proximate cause of the collision; (9) the fact that the automobile driven by Grayson pulled out into the north half of the highway, in an attempt to pass another car going east immediately prior to the collision, was the sole cause of the collision; (10) the rate of speed at which Grayson was driving was the sole cause of the collision; and (11) the collision was the result of an unavoidable accident. In answer to question 12, "What amount of money, if any, if paid now in cash, do you find from a preponderance of the evidence will reasonably compensate * * * Vera Jones for her injuries, if any, that were directly and proximately caused by the collision in question", the jury answered, "No money." Judgment was rendered on the verdict for defendant, and plaintiff has appealed.

Several of plaintiff's points are directed at the action of the court in permitting defendant to interrogate plaintiff about a petition filed by her in a damage suit in Harris County, and, allegedly, concerning a statement made by her relative to an accident in October, 1934, which accident was the basis of the Harris County suit; in permitting defendant to ask plaintiff whether she received $1500 in settlement of her Harris County case; the court's comment relative to defendant's request for permis--

sion to show in his bill what plaintiff's answer would have been to said question; and relative to jury misconduct, because, among other things, plaintiff contends the jury discussed the evidence stricken by the court, to the effect that plaintiff received $1500 in settlement of the Harris County case.

The petition in the Harris County case is not in the record. If plaintiff was cross-examined about a statement made by her with reference to the Harris County accident, that statement is not in the record. The record merely shows, in a general way, that in 1934 Mrs. Jones suffered an accidental injury that resulted in a suit for damages in Harris County. That she then claimed to have suffered injuries resembling some of those alleged to have resulted from the automobile collision that is the basis of the instant suit. Defendant's avowed purpose in the introduction of such testimony was to show that plaintiff's condition was caused in part by the prior accident. We think the court did not err in permitting the introduction of testimony which tended to show that her present condition is attributable partly to the prior injury. Fahey v. Clark, 125 Conn. 44, 3 A.2d 313, 120 A.L.R. 520; 13 Tex.Jur. 375; Dallas Ry. & Terminal Co. v. Ector, 131 Tex. 505, 507, 116 S.W.2d 683; Armour & Co. v. Tomlin, Tex.Com.App., 60 S.W.2d 204, 205; St. Louis S. W. Ry. Co. v. Johnson, 100 Tex. 237, 97 S.W. 1039; Gulf, C. & S. F. Ry. Co. v. McMannewitz, 70 Tex. 73, 8 S.W. 66; Texas Coca-Cola Bottling Co. v. Lovejoy, Tex.Civ.App., 138 S.W.2d 254, writ refused.

Mrs. Jones testified that the injuries sustained in the accident in 1934 were trivial. Thereupon, she was asked by defendant if she had not received $1500 in settlement of her claim for such injuries. She answered that she had. Upon plaintiff's motion, the jury was instructed not to consider said answer. We think reversible error in this connection is not shown.

We do not think reversible error is shown in connection with the allegations of misconduct of the jury in connection with the last (12th) issue, as to what amount of money would compensate Mrs. Jones for the injuries sustained. The record does show that after all other questions had been answered, which answers were not thereafter changed, that some of the jurors thought the answer to said issue should be a substantial sum of money; that one of the jurors stated it was immaterial what the answer to that issue was, since under the preceding answers plaintiff could not recover. We do not think this constitutes reversible error. We do not think that plaintiff has shown, relative to this complaint, that there was an error that probably resulted to her prejudice. Texas R.C.P. 434; American Nat'l Bank v. Sheppard, Tex.Civ.App. 175 S.W.2d 626; Cloudt v. Hutcherson, Tex.Civ.App., 175 S.W.2d 643. The information given by the juror, if it was such, was manifestly correct. We must attribute to the jury the ability to understand those things which would be understood by ordinary men of good common sense. The jury had found that the acts of Grayson, the driver of the car that collided with the St. John car, constituted the sole cause of the collision; that the collision was the result of an unavoidable accident; that the fact that Williams was driving faster than 60 miles per hour immediately prior to the collision was not a proximate cause of plaintiff's injuries. It occurs to us that persons of ordinary intelligence and understanding, as jurors are presumed to be, would have known that plaintiff could not recover from defendant under such prior findings of fact. As said juror stated to his fellows, it was immaterial what answer was given to the last issue, because under the findings theretofore made, and not changed, plaintiff could not recover. Plaintiff could not have recovered regardless of what answer was made to Issue 12. There was no agreement by the jurors in advance as to who should prevail. The jurors did not so agree and then answer the issues accordingly in order to accomplish that end. With reference to other issues of alleged misconduct, the court overruled plaintiff's motion for a new trial, thereby holding that the alleged improper conduct did not occur. The points presenting misconduct of the jury are overruled. Mitchell v. Gibson, Tex.Civ.App., 160 S.W.2d 79, 82, writ refused.

Plaintiff's points 10 to 15, inclusive, complain of the action of the court in permitting the defendant and Farrow to testify (over plaintiff's objections that she was not bound by the private instructions of defendant to his agents; that such testimony was hearsay, self-serving, prejudicial, etc.), that St. John had instructed his salesmen not to take an automobile out of his used car lot after 7 o'clock P.M. and not to take a car out of the city limits;

that when Williams and Farrow went by plaintiff's house and started to Sweetwater, they were violating their instructions; that salesmen had been instructed not to take an automobile home at night nor to take an automobile outside the city limits without permission of Mr. Younge, Mr. St. John's manager; that the salesmen had been instructed to place all of the cars on the used car lot by 7 o'clock at night; that St. John did not give permission to Williams or Farrow to use the car involved in the collision on that particular occasion. See 2 C.J.S., Agency, § 95, p. 1202; International & G. N. Ry. Co. v. Anderson, 82 Tex. 516, 520, 17 S.W. 1039, 27 Am.St.Rep. 902; Burnett v. Oechsner, 92 Tex. 588, 590, 50 S.W. 562, 71 Am.St.Rep. 880; Newton v. Rhoads Bros., Tex.Com.App., 24 S.W.2d 378; Sealy Oil Mill & Mfg. Co. v. Bishop Manufacturing Co., Tex.Com.App., 235 S. W. 850, 852; Sid Katz, Inc., v. Walsh & Burney, Tex.Sup., 177 S.W.2d 49; 2 Tex. Jur. 432; 29 Tex.Jur. 416; Hill v. Staats, Tex.Civ.App., 189 S.W. 85, 86, writ refused; Yellow Cab Corp. v. Halford, Tex. Civ.App., 91 S.W.2d 801; Kretzschnar v. Christensen, Tex.Civ.App., 37 S.W.2d 844; Mann v. Bell, Tex.Civ.App., 184 S.W. 320; Bain Peanut Co. v. Pinson & Guyger, Tex. Civ.App., 287 S.W. 87, 89; Friend-Rowe Motor Co. v. Ricci, Tex.Civ.App., 293 S. W. 851; Swisher-Orrison Co. v. W. E. Rogers & Son, Tex.Civ.App., 69 S.W.2d 515; Reid Auto Co. v. Gorsczya, Tex.Civ. App., 144 S.W. 688; McAlpin v. Ziller, 17 Tex. 508, 514; Houston & T. C. Ry. Co. v. Hill, 63 Tex. 381, 384, 51 Am.Rep. 642; Texas Power & Light Co. v. Denson, 125 Tex. 383, 389, 81 S.W.2d 36; Texas Trunk Ry. Co. v. Johnson, 75 Tex. 158, 161, 12 S.W. 482; Ft. Worth Elevators Co. v. Russell, 123 Tex. 128, 144, 70 S.W.2d 397; Brown v. City Service Co., Tex.Com.App., 245 S.W. 656.

Assuming that introduction of such testimony over the objections made was error, we are convinced that, under the circumstances disclosed by this record, such error, if any, was harmless. That testimony could only have affected the answer of the jury, if at all, to question number 2, which inquired whether Williams at the time of the collision "was doing or performing anything in furtherance of the business or trade of the defendant." The jury answered that issue "No", If the jury had answered said issue "Yes", nevertheless, answers to other issues required the judgment rendered. The jury refused to find that any act of the defendant's agents was a proximate cause of plaintiff's injuries. Without a finding that some act of defendant's agents was a proximate cause of plaintiff's injuries she could not recover. The only negligence of defendant's agents found by the jury was in answer to issue 7. The jury found that the act of Williams in driving the St. John automobile in excess of 60 miles an hour immediately prior to the collision was negligence. However, in answer to issue 8 the jury found that such negligence was not a proximate cause of the collision. In answer to issues 9 and 10, the jury found that the acts of Grayson were the sole causes of the collision. (No complaint is made of the finding of two "sole" causes of plaintiff's injuries.) In answer to issue 11, the jury found that the collision was the result of an unavoidable accident. This finding is not assailed as being without support, or otherwise. This finding alone bars plaintiff's recovery. In other words, there was no finding of fact that would authorize a judgment against defendant. On the other hand, there were findings of fact, unassailed in this court, such as the finding of unavoidable accident, that prevented any judgment for plaintiff and required judgment for defendant. Under the circumstances mentioned it is evident that the action of the court in permitting the introduction of the evidence, if erroneous, did not harm the plaintiff. The answers to issues, upon which said testimony could not have had any effect, require a judgment for defendant. Miller v. Estep, Tex.Civ.App., 5 S.W.2d 876; Lancaster & Wallace v. Gonzales, Tex.Com.App., 287 S. W. 1094; Reeves v. Texas & P. Ry. Co., Tex.Civ.App., 72 S.W.2d 393, writ refused; Big Six Oil Co. v. West, Tex.Civ.App., 136 S.W.2d 950; Lanius v. Panhandle & S. F. Ry. Co., Tex.Civ.App., 7 S.W.2d 1099; Yoes. v. Texas & P. Ry. Co., Tex.Civ.App., 211 S. W. 311, writ refused; Green v. South Texas. Coaches, Tex.Civ.App., 116 S.W.2d 799, 800; McMillion v. Wilkinson, Tex.Civ.App., 135 S.W.2d 231; Nacogdoches Compress. Co. v. Texas & N. O. Ry. Co., Tex.Civ. App., 143 S.W. 302, 303, writ refused; Turner v. Parker, Tex.Civ.App., 4 S.W.2d 639, 641, writ refused; Raywood Rice Canal & Milling Co. v. Erp, 105 Tex. 161, 167, 146 S.W. 155; 4 Tex. Dig., Appeal and Error, ☜1052(7), p. 658.

We have carefully considered all of plaintiff's points. They are overruled. We think reversible error is not shown. The judgment of the trial court is affirmed.